**KLESTADT & WINTERS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Maeghan J. McLoughlin

*Proposed Special Counsel to Richard E.*
  *O'Connell, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                                  :
                                                       :    Chapter 7
HERMAN SEGAL,                                          :
                                                       :    Case No. 13-45519 (NHL)
                          Debtor.                      :
---------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE TRUSTEE TO EXAMINE (I) THE DEBTOR, AND (II) YOCHEVED SEGAL, A/K/A YOCHEVED SIMON**

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

Richard E. O'Connell, the Chapter 7 Trustee (the "Trustee") for the estate of Herman Segal (the "Debtor"), by and through his proposed special counsel, Klestadt & Winters, LLP, as and for his application (the "Application") for entry of an order authorizing him to examine (i) the Debtor, and (ii) Yocheved Segal, a/k/a Yocheved Simon ("Yocheved"), pursuant to Fed. R. Bankr. P. 2004, respectfully represents:

**PRELIMINARY STATEMENT**

1. The Debtor has not filed schedules or a statement of financial affairs, both of which were due on September 24, 2013. The Debtor filed his case on the eve of the foreclosure sale of his cooperative apartment known as Unit #15, Miami, Florida 33140 (the "Miami Coop").

When the Trustee requested the proprietary lease and shares for the Miami Coop from Debtor's counsel, the Trustee was told that the Debtor was "partially AWOL." The Debtor has been completely non-responsive and is not performing any of his duties under the Bankruptcy Code. Contemporaneously herewith, the Trustee has filed a motion seeking an order compelling the Debtor to fulfill his duties as set forth in section 521(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      Even though the Trustee has received virtually no information from the Debtor, the Trustee has independently discovered that the Debtor owns significant real property at 4115 Quentin Road, Brooklyn, New York 11234 (the "Brooklyn Property"), jointly with Yocheved. Although the Trustee assumes Yocheved is married to the Debtor, he has no actual knowledge of their relationship. The Trustee is quickly trying to determine what property the Debtor owns, and whether it can be liquidated for the benefit of creditors. Among other things, the Trustee needs to determine quickly whether the Brooklyn Property can be liquidated, which necessarily requires an examination of his ability to sell Yocheved's undivided interest in the Brooklyn Property pursuant to section 363(h) of the Bankruptcy Code.

3.      For these reasons and those set forth below, the Trustee respectfully requests the entry of an order in substantially the same form as that annexed hereto as Exhibit A (the "Proposed Order"), authorizing him to examine the Debtor and Yocheved pursuant to Bankruptcy Rule 2004.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and

this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Rule 2004.

## INTRODUCTION

5. On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the Bankruptcy Code. Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate and he is currently serving in that capacity.

6. On September 20, 2013, the Trustee filed an application for authority to retain Yost & O'Connell as his general counsel. Yost & O'Connell has already begun significant work towards the investigation of the Debtor and sale of the Debtor's interest in the Miami Coop.

7. During the course of his initial investigation, the Trustee discovered a number of potential issues that may very likely require significant litigation service. Accordingly, on October 2, 2013, the Trustee employed Klestadt & Winters, LLP, to serve as his special litigation counsel in the Debtor's case, subject to approval of this Court.

## BACKGROUND

8. The Debtor filed an emergency petition on the Petition Date to apparently avoid the imminent foreclosure sale of the Miami Coop. Shortly after the Petition Date, counsel to the foreclosing creditor contacted the Trustee and since then, the Trustee, by and through his general counsel, has been trying to make arrangements for the consensual sale of the Miami Coop.

9. The Debtor is represented in this proceeding by Maxim Maximov. The Trustee has contacted Mr. Maximov on a number of occasions to request documents and the Debtor's cooperation in this case. Among other things, the Trustee has requested that the Debtor produce the original shares for the Miami Coop and the proprietary lease. The Debtor has not responded

to any of these requests and the Debtor's counsel appears unable to obtain the Debtor's cooperation and participation in this proceeding. Thus far, the Debtor has failed to produce any documents and has not filed schedules or a statement of financial affairs which were due on September 24, 2013.

10. The Debtor's recalcitrance prompted additional investigation by the Trustee during which he discovered the following, among other things:

- The Debtor is a disbarred attorney having lost his license to practice law after being convicted on conspiracy charges.

- The Debtor owns significant real property at 4115 Quentin Road, Brooklyn, New York 11234 (the "Brooklyn Property").

- The Brooklyn Property is jointly owned by a Yocheved Segal, a/k/a Yocheved Simon and is encumbered by at least two mortgages from nonstandard lenders.

- The Debtor transferred real property at 829 52nd Street, Brooklyn, New York, to his mother, Lilly Segal, in a transaction described in public records as "nominal."

- The Debtor is a party to a number of lawsuits.

11. Based upon the Debtor's refusal to produce basic documents, failure to file schedules, and going "partially AWOL" according to his counsel, the Trustee filed a motion for an order compelling the Debtor to fulfill his statutory duties under the Bankruptcy Code contemporaneously herewith. By this Application, the Trustee seeks authority to examine the Debtor and Yocheved under Bankruptcy Rule 2004.

**RELIEF REQUESTED**

12. Pursuant to section 704(a) of the Bankruptcy Code, the Trustee is obligated to, among other things: "(4) investigate the financial affairs of the debtor; . . ." 11 U.S.C. § 704(a)(4).

13. Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest,

the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

14. Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." Id. see also, In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

15. The Rule 2004 examination of the Debtor and Yocheved is necessary in order to investigate the Debtor's financial affairs and, among other things, determine whether the Brooklyn Property can be sold. As stated above, the publicly available documents with respect to the Brooklyn Property and the Debtor raise more questions than they answer. The Debtor has transferred property to his mother for apparently "nominal" value, and has purportedly encumbered the Brooklyn Property with non-standard mortgages from individuals living in another country.

16. The Rule 2004 examination of the parties sought herein are necessary for the Trustee to fulfill his duties under the Bankruptcy Code. The Debtor is a closed-corporation with virtually no traditional books and records. Further, the nature of the Debtor's business transactions is atypical and warrants a closer look by the Trustee. In order to fulfill his statutory

mandate to investigate the Debtor's financial affairs, the Trustee needs the authority to conduct examinations pursuant to Rule 2004.

17. For all the foregoing reasons, the Trustee respectfully submits that he has demonstrated ample cause and a right to conduct the examinations contemplated herein.

## PROPOSED PROCEDURE

18. The Trustee proposes that any examination be held at either (i) the offices of Trustee's counsel, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York, 10018; (ii) any other location as agreed to by the Trustee and his counsel; or (iii) if this Court does not have subpoena power to compel the personal testimony of any examinee, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9001(5) and 9016.

19. The Trustee proposes to serve all subpoenas *duces tecum* at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or the date of an intended deposition.

## NOTICE

20. The Trustee will provide notice of this Application and the hearing thereon to the Debtor, Debtor's counsel, Yocheved, the United States Trustee and all parties having filed a notice of appearance in the Debtor's case.

21. Applications for relief under Rule 2004(a) are usually granted *ex-parte*. 9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing* 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004, *reprinted in* ch. 2004, App. 2004; In re Sutera, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); In re Wilcher, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985); In re Silverman, 10 C.B.C.2d 1219, 36 B.R. 254 (Bankr. S.D.N.Y. 1984). Some bankruptcy courts even adopt local

rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all.  See e.g., D.N.J. L.B.R. 2004-1(b).

22.     Although bankruptcy courts routinely authorize discovery under Bankruptcy Rule 2004(a) *ex-parte*, here the Trustee has afforded the examinees an opportunity to object and be heard on the Application.  Further, examinees will have an opportunity to seek relief from any subpoena duly issued and served by the Trustee should they so choose.

23.     Based upon the foregoing, the Trustee submits that notice of the instant Application and relief sought herein is sufficient, and that no additional or further notice should be required.

*[Continued on next page]*

## NO PRIOR RELIEF

24.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, and for such other and further relief as the Court determines to be just and proper.

Dated:   New York, New York
         October 10, 2013

**KLESTADT & WINTERS, LLP**

By:   */s/ Fred Stevens*
      Fred Stevens
      Maeghan J. McLoughlin
      570 Seventh Ave., 17th Floor
      New York, New York 10018
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com
             mmcloughlin@klestadt.com

      *Proposed Special Counsel to Richard E.
         O'Connell, the Chapter 7 Trustee of the
         Estate of Herman Segal*