**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re                                                              :
                                                                        :         Chapter 7
HERMAN SEGAL,                                          :
                                                                        :         Case No. 13-45519 (NHL)
                                        Debtor.          :
---------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 521(a)(4) AND 542(e), FED. R. BANKR. P. 2004(c) AND 9016, AND FED. R. CIV. P. 45(d)(2) AND (e): (I) COMPELLING THE DEBTOR AND YOCHEVED SEGAL TO PRODUCE DOCUMENTS PURSUANT TO THIS COURT'S DECEMBER 5, 2013 ORDER AND THE TRUSTEE'S SUBPOENAS; (II) HOLDING THE DEBTOR IN CONTEMPT OF THIS COURT'S DECEMBER 5, 2013 ORDER AND THE DEBTOR AND YOCHEVED SEGAL IN CONTEMPT OF THE TRUSTEE'S SUBPOENAS; AND (III) IMPOSING APPROPRIATE SANCTIONS AGAINST THE DEBTOR AND YOCHEVED SEGAL TO DISCOURAGE THEIR CONTEMPTUOUS BEHAVIOR AND OBTAIN COMPLIANCE WITH THIS COURT'S ORDERS**

Upon the motion (the "Motion") of Richard E. O'Connell, the Chapter 7 Trustee (the "Trustee") for the estate of Herman Segal (the "Debtor"), pursuant to Sections 105(a), 521(a)(4) and 542(e) of Title 11 0f the United States Code (the "Bankruptcy Code"), Rules 2004(c) and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 45(d)(2) and (e) of the Federal Rules of Civil Procedure (the "Federal Rules"), (I) compelling the Debtor and Yocheved Segal to produce documents pursuant to this Court's December 5, 2013 Order and the Trustee's subpoenas issued pursuant to this Court's November 21, 2013 order (the "Subpoenas"), (II) holding the Debtor in contempt of this Court's December 5, 2013 Order, and the Debtor and Yocheved Segal in contempt of the Subpoenas, and (III) imposing appropriate sanctions against the Debtor and Yocheved Segal to discourage their contemptuous behavior and obtain compliance with this Court's Orders; and a hearing on the Motion having been held by the Court on April 1, 2014 (the "Hearing"); and notice of the Motion and Hearing having been given

to the Debtor, Yocheved Segal and their counsel; and it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

C. Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The Motion and notice of the Hearing were properly served upon the Debtor and Yocheved Segal (collectively, the "Parties").

E. The Subpoenas[1] issued to the Parties by the Trustee were properly issued and served. The issuance and service of the Subpoenas was expressly authorized by this Court on notice to the Parties by Order dated November 21, 2013.

F. The Parties failed to properly respond to the Subpoenas and invoke any privilege with respect to the Documents sought by the Subpoenas in accordance with Fed. R. Civ. P. 45(d)(2)(A).

G. The Debtor failed to timely object to the relief granted by this Court's December 5, 2013 Compel Order requiring him to, among other things, turn over all Books and Records to the Trustee by December 23, 2014. Further, the Debtor failed to timely seek relief from the Compel Order or take an appeal of the Compel Order.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

H.  Neither of the Parties has sought to quash the Subpoena issued to them, or sought any protective order from this Court with respect to the Subpoenas.

I.  The Debtor is obligated to turn over all Books and Records to the Trustee pursuant to section 521(a)(4) of the Bankruptcy Code.

J.  The Debtor has not turned over the Books and Records, and accordingly, has refused to obey the Compel Order, which is a lawful Order of this Court.

K.  The Parties are required to produce the Documents sought by the Subpoenas pursuant to Fed. R. Bankr. P. 2004 and 9016, and Fed. R. Civ. P. 45(d)(1)(A).

L.  The Parties have not produced any of the Documents.

M.  The Parties have failed to demonstrate how the production of any of the Books and Records, or the Documents, will chill their associational rights such that production is protected by the First Amendment of the Constitution of the United States.

N.  The Parties have failed to demonstrate that they have a real and appreciable danger of incrimination if they were to produce any of the Documents.

O.  The Parties have failed to demonstrate how the production of any of the Books and Records, or the Documents, may incriminate them such that the production is protected by the Fifth Amendment of the Constitution of the United States.

P.  Yocheved Segal has failed to establish how any of the Documents are protected by the marital privilege.

Q.  The Parties' withholding the Books and Records, and Documents, from the Trustee was improper and unjustified under the circumstances.

R.  The Debtor is in contempt of this Court's Compel Order, the Rule 2004 Order and the Subpoena issued to him.

S.   Yocheved Segal is in contempt of the Rule 2004 Order and the Subpoena issued to her.

T.   This Court is empowered to enforce the terms of its own Orders and the Subpoenas by, among other things, imposing sanctions against the Parties in contempt.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Motion is granted.

2.   The Debtor must turn over all Books and Records to the Trustee, and the Parties must produce all Documents to the Trustee, at the offices of Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York, 10018, Attn: Fred Stevens, by no later than **5:00 p.m. (EST) on April 30, 2014** (the "Final Production Deadline").

3.   If either of the Parties fails to timely meet the requirements of Paragraph 2 by the Final Production Deadline, the Trustee and his professionals have the right to enter and inspect the Parties' residence at 4115 Quentin Road, Brooklyn, New York (the "Premises"), on any weekday from the hours of 9:00 a.m. to 5:00 p.m., provided such day is not a holiday, and to search the Premises and its contents, closets and furniture for Books and Records and Documents. The Trustee may seize any Books and Records or Documents, provided he provides a copy of the Books and Records or Documents seized to the Parties within one (1) week of seizure. The Trustee may make a digital copy of any computer or electronic storage device found on the Premises for later inspection for Books and Records or Documents, or evidence or signs of spoliation of evidence. The Trustee is authorized to employ and utilize the United States Marshals Service ("USMS") to gain entry to the Premises and keep the peace. To the extent the USMS requires any additional order or direction from this Court in order to carry out the terms

of this Order, the Trustee may submit such request *ex-parte* provided it does not deviate materially from the terms of this Order.

    4.    If the Debtor continues his contempt of this Court's Compel Order, Rule 2004 Order and the Subpoenas by failing to turn over all Books and Records, and Documents, by the Production Deadline, the Trustee may seek an Order of this Court directing the USMC's seizure and incarceration of the Debtor. Such motion may be made on not less than ten (10) days' notice to the Debtor served by Overnight Delivery or in any manner permitted for the service of subpoenas under the Federal Rules.

    5.    If Yocheved Segal continues her contempt of this Court's Rule 2004 Order and the Subpoenas by failing to produce all Documents by the Production Deadline, she shall be subject to a civil penalty of $100 for each day that her contempt continues, together with any costs incurred by the Trustee in connection with the enforcement of the Subpoenas, Rule 2004 Order or this Order. The Trustee may obtain one or more judgments against Yocheved Segal consistent with the terms of this Order by seeking same by motion to this Court on not less than twenty (20) days' notice to Yocheved Segal.

    6.    The Trustee must serve a copy of this Order upon the Debtor and Yocheved Segal within two (2) business days of its entry by the Court by Overnight Delivery and must file proof of such service with the Court.

    7.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.