Form 254—Subpoena in a Case under the Bankruptcy Code (12/07)

# UNITED STATES BANKRUPTCY COURT

__EASTERN__ DISTRICT OF __NEW YORK__

**SUBPOENA PURSUANT TO BANKRUPTCY RULE 2004**

In re **Herman Segal**
                                           Debtor

Case No. **13-45519 (NHL)**

To: **Herman Segal**
    **4115 Quentin Road**
    **Brooklyn, New York 11234**

Chapter 7

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Klestadt & Winters, LLP**<br>**570 Seventh Avenue, 17th Floor**<br>**New York, NY 10018** | **January 16, 2014**<br>**At 10:00 a.m. (EST)** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **SEE EXHIBIT "A" AS ATTACHED HERETO AND MADE A PART HEREOF.**

| PLACE | DATE AND TIME |
|---|---|
| **Klestadt & Winters, LLP**<br>**570 Seventh Avenue, 17th Floor**<br>**New York, NY 10018** | **January 10, 2014**<br>**At 4:00 p.m. (EST)** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | **December 19, 2013** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Fred Stevens
Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10018; Tel: (212) 978-3000
Attorneys for Richard E. O'Connell, Chapter 7 Trustee of the Estate of Herman Segal

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
                        DATE                                                SIGNATURE OF SERVER

                                                                            _____
                                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
 (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**KLESTADT & WINTERS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Maeghan J. McLoughlin

*Proposed Special Counsel to Richard E.
    O'Connell, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :   Chapter 7
HERMAN SEGAL,                                               :
                                                            :   Case No. 13-45519 (NHL)
                        Debtor.                             :
------------------------------------------------------------x

## EXHIBIT A
## TO SUBPOENA ISSUED TO HERMAN SEGAL

| PROPOUNDING PARTY: | Richard E. O'Connell, Chapter 7 Trustee of the Estate of Herman Segal (the "Trustee") |
|---|---|
| RESPONDING PARTY: | Herman Segal ("Witness") |
| SET NO.: | 1 |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable hereto by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Rule 2004, the Trustee, by his proposed special counsel, Klestadt & Winters, LLP, hereby demands that Witness produce for inspection the documents and things described herein, by delivering the original or a copy of such documents and things to the offices of Klestadt & Winters, LLP, Attn: Fred Stevens, 570 Seventh Avenue, 17th Floor, New York, New York 10018, on or before January 10, 2014.

## DEFINITIONS

**a. Case-Specific Definitions**

A.  The term "2004 Order" shall mean that Order entered at Docket No. 31 of the Bankruptcy Case authorizing the Trustee to issue a Subpoena to the Witness and compel the Witness to produce documents and give testimony at a deposition at the offices of Trustee's counsel.

B.  The term "Bankruptcy Case" shall mean the above-captioned bankruptcy case of Herman Segal.

C.  The term "Bankruptcy Code" shall mean §§101, et seq. of Title 11 of the United States Code.

D.  The term "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of New York.

E.  The term "Brooklyn Property" shall mean that certain real property located at 4115 Quentin Road, Brooklyn, New York 11234.

F.  The term "Debtor" shall mean Herman Segal.

G.  The term "Miami Coop" shall mean those shares in a certain cooperative association granting possessory rights to Unit #15, 4720 Pinetree Drive, Miami Florida 33140, together with any associated lease agreement.

H.  The term "Petition Date" shall mean September 20, 2013, the date that Herman Segal filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

I.  The term "Trustee" shall mean Richard E. O'Connell, serving in his capacity as permanent trustee of the bankruptcy estate of Herman Segal.

J.  The term "You" shall mean the Witness or Debtor, Herman Segal.

## b. General Definitions

K. The term "document" shall mean the original and any non-identical copy of the original, of any recorded, written, printed, typed or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, e-mails, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office communications, letters, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and other data, information, or statistics contained within any data storage modules, tapes, discs, or any other memory devices (including IBM or similar cards for information, data and programs), or any other information retrievable on storage systems (including computer generated reports and printouts).

L. The term "communication" shall mean a transmittal of information by any means.

M. The term "identify" shall have the following meaning when used in the following contexts:

    i. When used in connection with a natural person, please state his or her: (i) full name; (ii) present or last known address (including street name and number, city and state); (iii) present or last known business address; (iv) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known such information; and (v) position, business affiliation, and job description at the time in question, with respect to the Interrogatory or other request involved.

    ii. When used in connection with a corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, please state in the answer in each instance (i) the full name and address and (ii) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

    iii. When used in connection with a Document that has been produced in response to Plaintiff's accompanying Document request, state the Document's bates number or range of bates numbers. When used in connection with a Document that has not been produced in response to Plaintiff's accompanying Document request, please state in the answer in each instance: (i) whether or not such Document is known to be in existence at the time of the answer; (ii) the date of the Document; (iii) the type of Document (e.g. letter, memorandum, computer printout, estimate, etc.); (iv) the identity of the author(s), addressee(s), and any other person to whom the Document was shown or distributed; (v) any filing or identifying number; and (vi) the present or last known location and/or custodian thereof. If any requested Document was, but is no longer in your possession or subject to your control, please identify the Document, state what disposition was made of it, and identify each person who has had possession or control of the Document.

    iv. When used in connection with a communication that has been produced in response to Plaintiff's accompanying Document request, state the communication's bates number or range of bates numbers. When used in connection with a communication that has not been produced in response to Plaintiff's accompanying Document request, state in the answer in each instance: (i) the identity of each person communicating; (ii) the identity of the recipient(s) and intended recipient(s) of the communications; (iii)

4

the identity of each person presently or otherwise aware of the substance of the communication; (iv) the date and the place where the communication was made; and (v) the identity of any Document that embodies, includes, reflects, concerns, relates to, or is based upon the communication.

N. The terms "related to," "relate to," "relating to," "pertaining to" and "refer to" shall mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

O. The term "thing" has the meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every type of physical specimen or tangible item other than a document.

P. The term "investment" means the purchase or holding of any shares, stock, securities, equity, property, asset, contract right, membership interest, or other economic or participation interest.

## INSTRUCTIONS

1. These requests for the production of documents and things require Witness to produce all responsive documents and things in its possession, custody, or control, without regard to the physical location of such documents and things. Witness has the duty to search for responsive documents and things in all media sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. Witness has the duty to ensure that no response documents or things are destroyed, deleted, or otherwise disposed of.

2.  If any responsive documents or parts of document have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted, or otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (viii) the reason that the document was destroyed, deleted or otherwise disposed of.

3.  If a claim of privilege is asserted with respect to any of the requests herein, and any responsive documents or portions of responsive documents are withheld on such basis, Witness's written objection to such request shall identify the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked, and Witness shall provide, at the time of the response to this Request, a list setting forth as to each document or portion of document withheld, the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) where not apparent, the relationship of the author of the document to the recipients of the document; and (vii) the privilege claimed as to the document.

## DOCUMENTS REQUESTED

Unless otherwise stated, Request Nos. 1 through 8 should be deemed to include any documents that were created on or after the January 1, 2000.

**Request No. 1**: All documents related to the Yocheved Segal's and/or the Debtor's ownership of the Brooklyn Property, including, but not limited to, any contracts, agreements, deeds, mortgages, appraisals, closing Documents, title reports, title insurance certificates and riders, contracts, and HUD statements.

**Request No. 2**: All documents related to any mortgages against the Brooklyn Property including, but not limited to, any mortgage agreements, title reports, loan agreements, promissory notes, proof of consideration for the mortgages, statements of account, evidence of payment, correspondence.

**Request No. 3**: All documents related to the source of the consideration used to purchase the Brooklyn Property and to pay the mortgages on the Brooklyn Property.

**Request No. 4**: All documents concerning the use of the proceeds of any mortgages on the Brooklyn Property.

**Request No. 5**: All documents related to Your ownership of the Miami Coop, including, but not limited to, any contracts, agreements, deeds, mortgages, appraisals, closing Documents, title reports, title insurance certificates and riders, contracts, and HUD statements.

**Request No. 6**: All documents related to any mortgages, liens, claims or encumbrances against the Miami Coop including, but not limited to, any mortgage agreements, title reports, loan agreements, promissory notes, proof of consideration for the mortgages, statements of account, evidence of payment, correspondence.

**Request No. 7**: All documents related to the source of the consideration used to purchase the Miami Coop and to pay the mortgages on the Miami Coop.

**Request No. 8**: All documents concerning the use of the proceeds of any mortgages on the Miami Coop.

Unless otherwise stated, Request Nos. 8 through the end should be deemed to include any documents that were created on or after the January 1, 2008.

**Request No. 9**: All federal, state, local or other income tax returns or gift tax returns filed by You for tax years 2007 to 2013.

**Request No. 10**: Any pre-nuptial, or ante-nuptial agreements to which You are a party.

**Request No. 11**: All bank statements, cancelled checks, wire transfer advices, debit memos, credit memos, for any accounts owned in whole or in part by You, held for the benefit of either

7

or both You or Yocheved Segal, or under the control of either or both of You or Yocheved Segal ("Financial Accounts")

**Request No. 12**: All documents related to all deposits and disbursements to or from any Financial Accounts;

**Request No. 13**: Any personal financial statements created by You or Yocheved Segal.

**Request No. 14**: All documents concerning any life insurance policies insuring the lives of You and/or Yocheved Segal.

**Request No. 15**: All documents related to the acquisition of any real property other than the Brooklyn Property or Miami Coop that is owned by You and/or Yocheved Segal, including, but not limited to, any contracts, agreements, deeds, mortgages, appraisals, closing Documents, title reports, title insurance certificates and riders, contracts, and HUD statements.

**Request No. 16**: All documents related to any gifts given to Yocheved Segal by You.

**Request No. 17**: All documents related to any property transferred or gifted by You or Yocheved Segal.

**Request No. 18**: All documents related to any gifts or inheritances received by You or Yocheved Segal.

**Request No. 19**: All documents related to any employment contracts.

**Request No. 20**: All documents related to any loan made by You or Yocheved Segal.

**Request No. 21**: All documents related to any business interests owned by You or Yocheved Segal, including:

- Formation documents, partnership, shareholder, LLC or other agreement between the owners;
- Income tax returns;
- Financial Statements;
- General ledgers, cash disbursement journals, cash receipt journals;
- Bank statements, cancelled checks, wire transfer advices, debit memos, creditor memos;
- Brokerage account statements;
- Documents related to the sale or transfer of the Dorfmans' interest in the entity;

8

> ➤ Documents related to the acquisition or sale of property by the entity;

> ➤ Appraisals related to property owned by the entities;

**Request No. 22**: All documents related to any entity for which You or Yocheved Segal are or were, the trustee, beneficiary, donor or grantor.

**Request No. 23**: All documents related to any application made by You or Yocheved Segal for any loans or mortgages.

**Request No. 24**: All documents concerning any will or other estate planning documents for You or Yocheved Segal.

**Request No. 25**: All documents supporting Your representation to the Bankruptcy Court that there is a party willing to purchase the Miami Coop for $115,000.

**Request No. 26**: All documents supporting Your sworn statement that the Miami Coop is "worth a minimum of $150,000.00 and can be sold on the open market for a great deal more than $90,000.00."

**Request No. 27**: All documents supporting Your contention that you made numerous requests for bills related to the Miami Coop to be mailed to You at the Brooklyn Property address.

**Request No. 28**: All correspondence between You and any of Your creditors.

**Request No. 29**: All documents that set forth the "several double charges and mistakes" that you claim were made with respect to the bills related to the Miami Coop.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                      :
                                                           :   Chapter 7
HERMAN SEGAL,                                              :
                                                           :   Case No. 13-45519 (NHL)
                      Debtor.                              :
-----------------------------------------------------------x

**ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE
TRUSTEE TO EXAMINE (I) THE DEBTOR, AND (II) YOCHEVED
SEGAL, A/K/A YOCHEVED SIMON**

Upon the application (the "Application") of Richard E. O'Connell, Chapter 7 trustee (the "Trustee") of the estate of Herman Segal (the "Debtor"), for entry of an order authorizing him to examine (i) the Debtor, and (ii) Yocheved Segal, a/k/a Yocheved Simon ("Yocheved"), pursuant to Fed. R. Bankr. P. 2004; and a hearing on the Application having been held by the Court on November 14, 2013 (the "Hearing"); and notice of the Application and Hearing having been given to the Debtor and his counsel, and Yocheved Segal; and it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Application is granted; and it is further

**ORDERED** that pursuant to Bankruptcy Rules 2004 and 9016, the trustee shall be, and hereby is, authorized to serve subpoena(s) *duces tecum* (collectively, the "Subpoenas"; each a "Subpoena") upon the Debtor and Yocheved Segal; and it is further

**ORDERED**, that any deposition of the Debtor or Yocheved Segal be held at either (i) the offices of Trustee's counsel, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, NY 10018; (ii) any other location as agreed to by the Trustee and his counsel; or (iii) if this Court does not have subpoena power to compel the personal testimony of any examinee, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005,

9001(5) and 9016; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things, or appearance of a witness, on less than fourteen (14) days' notice; and it is further

**ORDERED**, that fees generally imposed pursuant to 28 U.S.C. § 1821 in connection with compelling the Debtor's attendance at a deposition are hereby waived; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any disputes that arise with respect to this Order, or any Subpoena issued hereunder, unless this Court lacks jurisdiction over the witness because the Subpoena is issued from a Court other than this one.



**Dated: November 21, 2013**
**Brooklyn, New York**

/s/ Nancy Hershey Lord
Nancy Hershey Lord
**United States Bankruptcy Judge**

2