| | |
|---|---|
| **KLESTADT & WINTERS, LLP**<br>570 Seventh Avenue, 17th Floor<br>New York, NY 10018<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Fred Stevens<br>Maeghan J. McLoughlin | **Hearing Date: October 30, 2014**<br>**Hearing Time: 11:00 a.m.**<br><br>**Objection Deadline: October 3, 2014** |

*Special Litigation Counsel to Richard E.*
   *O'Connell, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                            :
                                                 :      Chapter 7
HERMAN SEGAL,                                    :
                                                 :      Case No. 13-45519 (NHL)
                      Debtor.                    :
-----------------------------------------------------------x

### TRUSTEE'S OBJECTION TO CLAIM NO. 3
### FILED BY ESQUIRE HOUSE M.B., INC.

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

Richard E. O'Connell, the Chapter 7 Trustee (the "Trustee") for the estate of Herman Segal (the "Debtor"), by and through his special litigation counsel, Klestadt & Winters, LLP, as and for his objection (the "Objection") to Claim No. 3 (the "Claim") filed by Esquire House M.B., Inc. (the "Claimant") in the amount of $39,777.50 as secured against the Debtor's interest in the cooperative apartment known as Unit #15, 4720 Pinetree Drive, Miami, Florida 33140 (the cooperative shares and related lease are collectively referred to herein as the "Miami Coop"), and request for entry of an order reducing and allowing the Claim in the amount of $26,079.03, plus all cooperative association fees due Claimant on and after October 22, 2013 through the date of sale, plus reasonable attorneys' fees incurred on and after October 22, 2013, respectfully represents:

**PRELIMINARY STATEMENT**

1.  On July 25, 2013, the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, entered a final judgment in favor of Claimant and against the Debtor in the amount of $20,815.23 (the "Judgment"). On October 22, 2013, the Trustee, Claimant and Francisco Luro, the proposed purchaser of the Miami Coop (the "Purchaser"), entered into a stipulation consenting to the sale (the "Sale Stipulation"), which was approved by this Court by order dated February 5, 2014 (the "Sale Order") [Docket No. 55]. Pursuant to the Sale Stipulation, the Claimant asserted a claim of $26,079.03 as of October 22, 2013, $5,263.80 more than it was three months earlier when the Judgment was entered. The increase is on account of three months of maintenance fees equal to $1,172.85 and approximately $4,090.95 in legal fees incurred in enforcing the Judgment.

2.  As required by the Sale Stipulation and Sale Order, the Claimant filed the Claim. By the Claim, Claimant asserts that it is owed $39,777.50, $13,698.47 more than it was owed on October 22, 2013. The Trustee has tried to figure out the increase and has determined that $3,285.34 is on account of maintenance fees due after October 22, 2013, which the Trustee agrees with, and apparently an additional $10,413.13 in additional legal fees, which the Trustee does not. Pursuant to the Sale Stipulation, the last day to file an objection to the Claim is August 20, 2014.

3.  By this Objection, the Trustee seeks an order of this Court reducing and fixing the Claimant's Claim. The Trustee has no right to contest or argue about the allowance of the amounts fixed in the Judgment or the maintenance fees that have accrued since then in the amount of $25,273.42. However, the Trustee contests the additional legal fees charged by the Claimant in excess of that amount in the apparent total amount of $14,504.08 (the "Disputed Amount"). While the Trustee agrees that Claimant should be allowed some portion of the

Disputed Amount, it should be allowed only that amount that is reasonable under the lodestar approach.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

5.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.  Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The statutory predicate for the relief requested herein is sections 502(a) and 506(a)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## INTRODUCTION

8.  On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

9.  On or around the Petition Date, Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate. On October 15, 2013, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

10. On September 20, 2013, the Trustee filed an application for authority to retain Yost & O'Connell as his general counsel, which was granted by Order of this Court dated

October 18, 2013 [Docket No. 17].

11. On October 2, 2013, the Trustee employed Klestadt & Winters, LLP, to serve as his special litigation counsel in the Debtor's case, and such retention was approved by Order of this Court dated January 25, 2014 [Docket No. 51].

## RELEVANT BACKGROUND

12. On July 25, 2013, the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, entered the Judgment in favor of Claimant and against the Debtor in the amount of $20,815.23.

13. On the Petition Date, the Debtor completed the required credit counseling, and at 7:29 p.m. that day, the Debtor filed an emergency voluntary petition [Docket No. 1] in order avoid the imminent foreclosure sale of the Miami Coop by the Claimant in accordance with the Judgment.

14. On October 22, 2013, the Purchaser, Claimant and Trustee entered into the Sale Stipulation. In the Sale Stipulation, the Claimant asserted it was owed $26,079.03.

15. On October 24, 2013, the Trustee filed a motion (the "Sale Motion") for an order authorizing him to sell the Miami Coop for $90,200.00 to the Purchaser.

16. On November 19, 2013, the Debtor filed an objection to the Sale Motion (the "Sale Objection").

17. On December 4, 2013, this Court held a hearing (the "December 4 Hearing") on, among other things, the Sale Motion. Maxim Maximov and Warren Graham, of-counsel to Maximov, appeared for the Debtor (collectively, "Debtor's Counsel"). At the hearing, the Court authorized the Trustee to complete the transaction contemplated by the Sale Motion and Sale Stipulation.

18. On February 5, 2014, this Court entered the Sale Order approving the Sale Motion and Sale Stipulation.

19. Since the Sale Order was entered, the Purchaser has worked to ensure that the sale could occur and the parties have worked to close on the transaction.

20. At the request of the Trustee in accordance with the Sale Stipulation, on July 21, 2014, the Claimant filed the Claim in the amount of $39,777.50.

## OBJECTION

21. As stated above, the Trustee has no objection to the allowance and payment of the Claim in the amount of $25,273.42, which represents the full amount of the Judgment plus all maintenance fees that have accrued since the entry of the Judgment. Further, the Trustee does not have an objection to the allowance of some, but not all, of the $14,504.08 Disputed Amount to the extent that it was reasonable and necessary.

22. <u>Objection Category No. 1 – Pre-Judgment Fees</u>. First, the Disputed Amount appears to include fees and charges that were incurred prior to the issuance of the Judgment. The Judgment was final and included an award of legal fees. There is no basis for revisiting what was considered by the state court and determined by final judgment. The charges by Claimant that fall under this category are as follows:

| Date | Timekeeper | Time Spent | Charge |
| --- | --- | --- | --- |
| 05/22/2012 | DFA | 2.3 | $690.00 |
| 02/04/2013 | DFA | 1.5 | 450.00 |
| 02/26/2013 | DFA | 1.1 | 330.00 |
| 04/19/2013 | DFA | 0.4 | 120.00 |
|  |  | **TOTAL:** | **$1,590.00** |

There is no basis for paying the Disputed Amounts under Category No. 1.

23. <u>Objection Category No. 2 – Reasonableness</u>. Second, the Trustee reviewed the fees charged on and after the date of the Judgment for reasonableness and was unable to

determine the reasonableness of such fees. The charges that Trustee finds unreasonable are as follows:

| Date | Time-keeper | Description | Objection | Time Spent | Charge |
|---|---|---|---|---|---|
| 09/11/2013 | DFA | Review of file and communication with Maximiov, Esq.; report to BOD. | Time is lumped. It is also unclear how these tasks took 1.5 hours. | 1.5 | 450.00 |
| 09/12/2013 | DFA | Review of Bankruptcy filing by Segal; and communication with BR Trustee; report to BOD | Same objection | 1.8 | 540.00 |
| 10/22/2013 | DFA | Negotiation of proposed Agreement with Luro and BR Trustee. Revise/draft agreement. | Same objection. In addition, on 10/02/2013, 1.5 hours was billed to this activity that Trustee is not objecting to. | 4.5 | 1,350.00 |
| 12/06/2013 | DFA | Conversations with Luro; emails. Communications with Richard O'Connell, Trustee | Same objection. | 2.8 | 840.00 |
| 12/06/2013 | DFA | Conversations with Luro; emails. Communications with Richard O'Connell, Trustee | Duplicate time entry of already objectionable entry. | 2.8 | 840.00 |
| 01/14/2014 | DFA | Conversations with Tony Lopez / E-mails to BOD re; update on Segal | Time related to Segal is lumped with irrelevant conversation. Unclear how these tasks took 1.5 hours. | 1.5 | 450.00 |
| 01/15/2014 | DFA | Conversations with Fred Stevens, Esq. attorney for Trustee and Kevin Brown. Report to BOD. | Time is lumped. Unclear how these tasks took 1.5 hours. | 1.5 | 450.00 |
| 02/07/2014 | DFA | Emails from BR Trustee O'Connell; review 28 page pleading from trustee; copy to client. Conversation with Kevin Brown, attorney for Luro. | Same objection. Also, it is unclear what pleading was being reviewed and why it was necessary to review. | 3.5 | 1,050.00 |
| 02/04/2014 | DFA | Receipt and review of letter from ReKant. Conversation with ReKant re: his demand for Aaron Ragone and rejection of our position. Email to client re: Aaron Ragone, Robin Ragone; Herman Segal. Conversation with Segal; tranmital [*sic*] of email | Time related to Segal is lumped with other irrelevant matters.<br><br>Trustee has no knowledge of conversations with Segal or why they would be entertained in light of sale order and Trustee's ownership of Miami Coop. | 1.5 | 450.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | proposed settlement to board. | | | |
| 02/26/2013 | DFA | Respond to Herman Segal and re-send offer to Board. Review letter and proposed lawsuit on Aaron Ragone sent by Kenneth ReKant, Esq. Transmit to Board. | Same objection as above. | 1.1 | 330.00 |
| 03/17/2014 | DFA | Conversation with Janice Levy re rights of association to limit rentals. Discussion re: Herman Segal | Time related to Segal is lumped with irrelevant conversation | 0.5 | $150.00 |
| 07/03/2014 | DFA | Communication with Kevin Brown, Esq. re pending sale to his client. Request current ledger from property manager. Review file with paralegal to prepare estoppel letter. | Time is lumped. It is also unclear how these tasks took 2.0 hours. | 2.0 | 600.00 |
| 07/11/2014 | DFA | Review all closing documents; prepare estoppel letter to Kevin Brown; update Esquire BOD as to status of matter. | Same objection. | 3.0 | 900.00 |
| **TOTAL AMOUNT OF OBJECTIONABLE TIME ENTRIES:** | | | | | **$8,400.00** |

24.  Objection Category No. 3 – General Amount. The Claimant asserted a claim in the amount $26,079.03 as of the October 22, 2013 Sale Stipulation date, and then charges what appears to be an additional $10,413.13 post-petition in connection with the Claim. However, there was no litigation required of the Claimant after it entered into the Sale Stipulation and no reason for it to have incurred so many legal fees protecting an already stipulated $26,079.03 claim. It is unreasonable to expect the estate's unsecured creditors to pay for these legal fees by way of a decreased distribution under the circumstances.

**NOTICE**

25.  Pursuant to Bankruptcy Rule 3007, the Trustee will provide not less than thirty (30) days' notice to the Claimant of the hearing on this Objection.

26.  Based upon the foregoing, the Trustee submits that such notice of the instant

Objection and relief sought herein is appropriate under the circumstances and that no further or additional notice need be given.

## NO PRIOR RELIEF

27. Except as stated herein, no previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order annexed hereto as Exhibit A, reducing and allowing the Claim, and for such other and further relief as the Court determines to be just and proper.

Dated:  New York, New York
           August 20, 2014

**KLESTADT & WINTERS, LLP**

By: */s/ Fred Stevens*
     Fred Stevens
     Maeghan J. McLoughlin
     570 Seventh Ave., 17th Floor
     New York, New York 10018
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: fstevens@klestadt.com

     *Special Counsel to Richard E. O'Connell, the Chapter 7 Trustee of the Estate of Herman Segal*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re                                            :
                                                 :         Chapter 7
HERMAN SEGAL,                                    :
                                                 :         Case No. 13-45519 (NHL)
                        Debtor.                  :
----------------------------------------------------------x

### ORDER GRANTING TRUSTEE'S OBJECTION TO CLAIM NO. 3 FILED BY ESQUIRE HOUSE M.B., INC.

Upon the objection (the "Objection") of Richard E. O'Connell, the Chapter 7 trustee (the "Trustee") for the estate of Herman Segal (the "Debtor"), by and through his special litigation counsel, Klestadt & Winters, LLP, to Claim No. 3 (the "Claim") filed by Esquire House M.B., Inc. (the "Claimant") in the amount of $39,777.50, and request for entry of an order reducing and allowing the Claim in the amount of $26,079.03, plus all cooperative association fees due Claimant on and after October 22, 2013 through the date of sale, plus reasonable attorneys' fees incurred on and after October 22, 2013, pursuant to sections 105(a) and 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that there exists just cause for the relief granted herein and that such relief is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and a hearing on the relief sought in the Objection having been held; and any objections or responses to the Objection having been withdrawn, resolved, or overruled; and

after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1. The Objection is GRANTED to the extent set forth herein.

2. The Claim is hereby reduced and allowed in the amount of $26,079.03.

3. The reduction and allowance of the Claim does not constitute an admission or finding with respect to any other claims on the Debtor's claims register.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Exhibit A-2

Exhibit C-1