**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                               :
                                                    :          Chapter 7
HERMAN SEGAL,                                       :
                                                    :          Case No. 13-45519 (NHL)
                    Debtor.                         :
-----------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), AND 542(e), FED. R. BANKR. P. 2004(c) AND 9016, AND FED. R. CIV. P. 45(d)(2) AND (e): (I) AUTHORIZING THE TRUSTEE TO EXAMINE AND OBTAIN DOCUMENTS FROM ABRAHAM HOSCHANDER, (II) DIRECTING MR. HOSCHANDER TO COMPLY WITH THE TRUSTEE'S SUBPOENA AND TO TURN OVER ALL RECORDED INFORMATION AND DOCUMENTS RELATED TO THE DEBTOR'S PROPERTY OR FINANCIAL AFFAIRS; (III) DETERMINING THAT ANY DOCUMENTS HELD BY MR. HOSCHANDER RESPONSIVE TO THE PROPOSED SUBPOENA CANNOT BE WITHHELD FROM THE TRUSTEE FOR ANY VALID LEGAL REASON AND PROVIDING MR. HOSCHANDER, THE DEBTOR AND/OR OTHER PARTIES WITH A LIMITED OPPORTUNITY TO DEMONSTRATE OTHERWISE; (IV) DIRECTING THE DEBTOR NOT TO INTERFERE WITH MR. HOSCHANDER'S COMPLIANCE WITH THE SUBPOENA; AND (V) SCHEDULING A HEARING TO CONSIDER ANY TIMELY FILED MOTION TO QUASH ANY SUBPOENA ISSUED HEREUNDER, OR FOR A PROTECTIVE ORDER, OR THE TRUSTEE'S <u>MOTION TO ENFORCE THE TERMS OF THIS ORDER</u>**

Upon the motion (the "<u>Motion</u>") of Richard E. O'Connell, Chapter 7 trustee (the "<u>Trustee</u>") of the estate of Herman Segal (the "<u>Debtor</u>"), for entry of an order, pursuant to sections 105(a) and 542(e) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2004(c) and 9016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 45(d)(2) and (e) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), (I) authorizing the Trustee to examine and obtain documents from Abraham Hoschander ("<u>Hoschander</u>"), by the service of a subpoena *duces tecum* (the "<u>Subpoena</u>"), (II) directing Hoschander to comply with the Subpoena and to turn over all recorded information and documents related to the Debtor's property or financial affairs, (III) determining that any

documents held by Hoschander that are responsive to the Subpoena (collectively, the "Documents") cannot be withheld from the Trustee for any valid legal reason absent an adequate showing of proper protection and scheduling a hearing and briefing deadlines with respect to same, (IV) directing the Debtor not to interfere with Hoschander's compliance with the Subpoena and production of the Documents and providing testimony at an examination (the "Examination"), and (V) establishing expedited procedures for obtaining the Court's intervention in enforcing its Order and Subpoena in the event that Hoschander fails to comply and/or the Debtor actively interferes; and a hearing on the Motion having been held before this Court on March 11, 2015 (the "Hearing"); and sufficient notice of the Motion and Hearing thereon having been given to Hoschander, the Debtor, any party having filed a notice of appearance in this case pursuant to the affidavit of service on file with the Court; and any and all objections to the Motion having been overruled at the Hearing; and it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that pursuant to Bankruptcy Rules 2004 and 9016, the Trustee shall be, and hereby is, authorized to serve a Subpoena upon Hoschander, compelling the production of documents by not less than twenty-one (21) days from the date of issuance (the "Document Due Date") and Hoschander's appearance at an examination not less than twenty-eight (28) days from the date of issuance (the "Examination"); and it is further

**ORDERED**, that the Subpoena and a copy of this Order must be served upon Hoschander at his offices at 777 Kent Avenue – Suite 202, Brooklyn, New York 11211 (the "Hoschander Office") or other manner consistent with the requirements of Fed. R. Civ. P. 45, within three (3) business days of the date of entry of this Order; and it is further

**ORDERED**, that if Hoschander fails or refuses to grant the Trustee's process servers access to his office, the Subpoena and this Order may be served by affixing a copy of same to the outside of the Hoschander Office and sending a copy of the Subpoena and this Order to Hoschander at the Hoschander Office by overnight courier; and it is further

**ORDERED**, that the Subpoena may seek the production of documents reasonably calculated by the Trustee to lead to the discovery of information related to the financial affairs or property of the Debtor including, but not limited to, the following:

(i) All correspondence between the Debtor and Hoschander (a Privilege Log (as defined below) can be provided with respect to any such correspondence that is believed to be subject to an applicable privilege);

(ii) All correspondence between Hoschander and any other party regarding the Debtor or any interest of the Debtor in property;

(iii) All documents identifying the source of the January 2012 payment by check no. 1305 from Hoschander's attorney escrow account in the amount of $180,250, to Charles Mandelbaum, or that relate to or explain the reason the payment was made, the basis for inserting in the memo line of the check "Herman Segal – Acct.," any interest the Debtor had in the transaction, and any agreement underlying the transaction;

(iv) All documents relating to the sale, financing, and collection and distribution of proceeds, of the real property known as 1171 Eastern Parkway, Brooklyn, New York (Block 1391, Lot 58);

(v) All documents related to the formation, ownership and governance of Centurion Omega LLC ("Centurion Omega"), and that explain why Hoschander is the party designated to receive service of process for that entity;

(vi) All documents related to the formation, ownership and governance of any entity owned, in whole or in part, controlled, or otherwise related to or affiliated with the Debtor (each a "Debtor Entity");

(vii) All documents concerning the following payments made to Centurion Omega by 432 West 162 Street Acquisition, LLC, and what Centurion Omega used the funds for:
   i. Jan. 21, 2014 - $100,000.00
   ii. Jan. 23, 2014 - $50,000.00
   iii. Jan. 24, 2014 - $50,000.00

                    iv.    Jan. 30, 2014 - $9,131.38

(viii)    All documents related to the formation, ownership and governance of Parkway Starlight LLC;

(ix)    All documents concerning any payments or transfers of property to the Debtor or any Debtor Entity, or any payments or transfers of property from the Debtor or any Debtor Entity;

(x)    All documents that constitute financial books and records of the Debtor or any Debtor Entity; and

(xi)    Any other documents that concern or relate to the Debtor or his property, or any Debtor Entity and its property.

(each a "Document," collectively, the "Documents").

**ORDERED**, that Hoschander is directed to comply with the terms of the Subpoena and produce all Documents responsive to the Subpoena to the Trustee as directed and by the Document Due Date. In the event that Hoschander believes that any Document under his custody or control can or should be withheld pursuant to a permissible legal privilege, or otherwise, then he must, by no later than the Document Due Date, produce a log (a "Privilege Log") consistent with the requirements of Local Bankruptcy Rule 2004-1, incorporating the rules of the United States District Court for the Eastern District of New York 26.2, 26.3 and 30.1, containing the following:

(1) the type of document, *e.g.*, letter or memorandum;

(2) the general subject matter of the document;

(3) the date of the document;

(4) the author of the document, the addresses of the document, and any other recipients, and, where not apparent, the relationship of the author, addresses, and recipients to each other; and

(5) the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, the state's privilege rule being invoked.

**ORDERED**, that pursuant to 11 U.S.C. §542(e), Hoschander is directed to turn over to the Trustee any and all recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs by no later than the Document Due Date; and it is further

**ORDERED**, that Hoschander is directed to provide a copy of this Order and the Subpoena to any individual or entity, that did not otherwise receive notice of the Motion and hearing thereon (each a "Possible Protected Party"), that may assert a claim that any responsive Documents are protected by a legal or other privilege within three (3) days of the Trustee's service of the Subpoena and this Order in the manner provided herein; and it is further

**ORDERED**, that unless Hoschander produces a Privilege Log by the Document Due Date, or any Possible Protected Party files an appropriate motion with this Court seeking to quash any Subpoena or for a protective order with respect to any Subpoena (a "Quash Motion") by the Document Due Date, ~~then effective the day following the Document Due Date,~~ ***the Trustee may request at the hearing on May 14, 2015 at 3:00 p.m. that*** each Document shall be deemed non-privileged and Hoschander shall have no right or ability to withhold such Document(s) from the Trustee; and it is further

**ORDERED**, that a hearing is scheduled to take place on May 14, 2015, at 3:00 p.m., before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800, for any (i) Quash Motion, (ii) motion by the Trustee challenging any privilege claimed by Hoschander in a timely produced

Privilege Log, and/or (iii) motion by the Trustee to compel Hoschander's compliance with the Subpoena and to impose sanctions against Hoschander for non-compliance, or against the Debtor or any other party for interfering with the Subpoena and this Order; and it is further

**ORDERED**, that the Debtor is directed not to interfere with the Subpoena or Order in any way.  If the Debtor (or any other party) wishes to prevent Hoschander from producing any Document(s) or otherwise timely complying with the Subpoena and Order, he must timely file a Quash Motion.  Any action or communication by the Debtor intended to prevent or limit Hoschander's production of Documents or compliance with the Subpoena and this Order other than timely filing a Quash Motion shall be deemed in contempt of this Order, and this Court shall consider what, if any, sanctions are appropriate to remedy such contempt; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any disputes that arise with respect to this Order, or any Subpoena issued hereunder.



**Dated: April 7, 2015**
**Brooklyn, New York**

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**