HERMAN SEGAL, PRO SE  
4115 QUENTIN RD.  
BROOKLYN, NY 11234

Hearing Date: May 14th, 2015  
Hearing Time: 3:00 PM

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------X  
IN RE:  
HERMAN SEGAL,                              Case # 13-45519   nhl  
Debtor  
------------------------------------------------------------X  

**DEBTOR'S OBJECTION TO TRUSTEE'S SUPPLEMENTAL STATEMENT IN SUPPORT OF TRUSTEE'S MOTION FOR ORDERS COMPELLING DEBTOR TO PRODUCE DOCUMENTS PER THE COURT'S DECEMBER 13, 2013 ORDER AND HOLDING DEBTOR IN CONTEMPT AND IMPOSING SANCTIONS AGAINST DEBTOR TO OBTAIN COMPLIANCE**

TO THE TRUSTEE, COUNSEL TO THE TRUSTEE, AND THE UNITED STATES TRUSTEE:

Debtor, Herman Segal, hereby objects to the granting of said application on the following grounds:

In his opening statements, the trustee gives the court his version of the facts. As the Trustee's "spin" on the facts are so slanted, it would take many pages to point out all the lies that the Trustee states as facts. As most are irrelevant, I will raise them only when germane to the Trustee's arguments for the Court to grant the Trustee's ludicrous requests.

The Trustee makes a major argument for needing "the Debtor's documents as follows:"

He then proceeds to make an impressive chart headed "Allegations of Forgery", followed by "Ponzi scheme" allegations. How these accusations do anything other than buttress my 5th Amendment claim, I do not know. I assume the Trustee's intent is to continue his technique of attacking me, besmirching my name, and then subsequent wholesale mailing out copies of these lurid allegations to any party to this action regardless of how tenuous their connection to my bankruptcy.

The Trustee claims that I did not object to the original compel order and that my time to appeal has passed. Yet at the time the original compel order was issued, there was no adversarial litigation, and certainly not to the present extent, so an argument could have been made that a

1

2004 motion was the proper vehicle to get any and all information the trustee was searching for. Now however, a 2004 motion is an inappropriate due to the adversarial nature of the litigation. Additionally, subsequent events may have broadened the scope of material that fall within the purview of my 5th Amendment claims.

The Trustee claims that I waived my 5th amendment rights and that I cannot "willy nilly" claim 5th amendment protection. The courts have used the following criteria in determining waiver. In *Re Jerry H. Mudd 95 B.R. 426* the court held that the 5th amendment may be waived by a witness's prior statements, but a waiver will not be lightly inferred. Courts indulge every reasonable presumption against finding a testimonial waiver. There is a 2 part test to determine whether a debtor has waived his 5th amendment privilege. In order to find waiver, both must be met. First, the debtor's statements in a prior hearing must have created a significant likelihood that the finder will be left with, and prone to rely on, a distorted view of the truth. Second, that the debtor has reason to know that his prior statements would be interpreted as a waiver. *Mudd at 429.* Clearly, **neither** of these two prongs have been met in my situation. See also *United States v. Sonderup, 639 F.2d 294, 297* and *US v. Perez Franco 873 F.2nd 455, 462-463,* and *Klein v. Harris 667 F.2nd 274, 287.*

Regarding the claimed immunity of documents and records, the court in *Fischer v. United States* held that as long as production of the documents can lead to the discovery of information that the debtor believes could incriminate him, the debtor may claim 5th amendment protection for those documents. *Fischer v. United States, 425 U.S. 391 413-414.*

The Trustee further alleges that I have failed to demonstrate a "real and appreciable danger of incrimination". While he claims that I have no legitimate fear of prosecution, he repeatedly accuses me of committing various criminal acts and frauds. Even though he admitted to this Court at the March Hearing that he now "concedes" that I do have a real fear of prosecution, and that he is withdrawing his opposition as to that claim; he is now back to arguing that I indeed have **no** genuine fear of prosecution. (In fact I was visited by several agents from the United States Internal Revenue Service a few days ago [that were kindly referred to me by the Trustee,] who advised me that I was under Criminal investigation.)

The Trustee then proposes to "swoop" down and with US Marshalls (to "keep the peace"), and have the Court authorize subsequent ex-parte requests (so as "not to tip me off"), perhaps in other locations that may holding "important" documents. I don't know whether the trustee is a frustrated G-Man or a frustrated Cowboy.

The Trustee further requests that I be incarcerated if the books, records, and documents don't meet his approval. I am not sure if the Trustee is asking the Court to hold me in Civil or in criminal Contempt. As there are different arguments against each, I will address both. I respectfully ask this Court for additional time if the Court intends to hold me in contempt for exercising my rights under the 4th and 5th amendments to the Constitution.

2

The 5th Amendment clearly applies to my situation. Although I was supposed to have this briefed by April 28th; I was unable to complete it in time, but I will have it ready for the Court prior to the May 14th hearing.

The Trustee claims that I have a "Track record" of refusing to co-operate with the Trustee. I have never refused a Court Order; the Trustee cannot claim, that by asserting my legal claims against his Kafkaesque vendetta, that I am "refusing to co-operate with the Trustee". In essence the Trustee is claiming that that I have no right to assert any objection to anything he wishes to do, because doing so "is frustrating his efforts".

Trustee claims a fear of spoliation; yet were I to wish to "spoil" the information, I have had ample time to do so.

I have never defied an order from this Court. I do not believe that my actions in asserting my 5th amendment rights (including advising any previous attorneys that I am not waiving attorney client privilege), or any other of my actions are Contemptuous.

If I am ordered by this Court to do anything that I disagree with; I will nevertheless comply with any such order.

**I have had less than 1 week to respond to these Motions; I respectfully ask the Court for an additional 2 weeks to attempt to engage Counsel and to file a proper objection by amending the above.**

    WHEREFORE, debtor respectfully requests and prays that the Trustees application be denied;

    DATED:    Brooklyn, New York
                     May 7th 2015

    Respectfully submitted,

    *[signature]*
    Herman Segal, Pro Se
    4115 Quentin Road
    Brooklyn, NY 11234
    Tel. 917 750 8120

Copies sent via E mail and Regular US mail and filed with the Bankruptcy Trustee and a courtesy copy was also delivered to Judge Lord's chambers

Richard E. O'Connell, Chapter 7 Trustee

3

Fred Stevens, Special Counsel to the Trustee
Meaghan J. McLoughlin, Esq.

At their addresses of record as listed on the previous papers filed in this cause.

_____
Herman Segal
7 May 2015