
570 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10018-1624
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

FRED STEVENS
DIRECT: (212) 679-5342
EMAIL: FSTEVENS@KLESTADT.COM

June 1, 2015

**VIA ECF & EMAIL**
Honorable Nancy Hershey Lord
United States Bankruptcy Judge
U.S. Bankruptcy Court – EDNY
271 Cadman Plaza East
Brooklyn, New York 11201-1800

**Re:    In re Herman Segal, Debtor**
**USBC EDNY Case No. 13-45519 (NHL)**
**Motion to Compel the Debtor to Produce Documents [Docket No. 66]**

Dear Judge Lord:

We are special litigation counsel to Richard E. O'Connell, chapter 7 trustee (the "Trustee") of the estate of Herman Segal (the "Debtor"). On March 6, 2014, the Trustee filed a motion with this Court at Docket No. 66 seeking entry of an order, pursuant to 11 U.S.C. §§ 105(a), 521(a)(4) and 542(e), Fed. R. Bankr. P. 2004(c) and 9016, and Fed. R. Civ. P. 45(d)(2) and (e): (I) compelling the Debtor and Yocheved Segal to produce documents pursuant to this Court's December 5, 2013 Order and the Trustee's subpoenas issued pursuant to this Court's November 21, 2013 Order, (II) holding the Debtor in contempt of this Court's December 5, 2013 Order, and the Debtor and Yocheved Segal in contempt of the subpoenas, and (III) imposing appropriate sanctions against the Debtor and Yocheved Segal to discourage their contemptuous behavior and obtain compliance with this Court's Orders (the "Motion"). The Motion was subsequently resolved as it sought relief against Yocheved Segal.

The Motion was necessitated by the Debtor's wholesale refusal to provide any documents whatsoever to the Trustee on the unfounded claim that production is not required pursuant to the Debtor's rights under the First, Fourth and/or Fifth Amendments of the United States Constitution. Indeed, the Debtor has not produced any documents to the Trustee in the over-twenty months since the commencement of this case. The Court has given the Debtor numerous opportunities to justify his refusal to produce documents and support his claimed protections under the United States Constitution. Most recently, at a hearing on May 14, 2015, the Court gave the Debtor until May 29, 2015, to file a pleading identifying and setting forth his specific objections and claims. Further, the Court scheduled a hearing for 10:00 a.m. (EST) on June 5, 2015 to review the Debtor's documents and determine the legitimacy of the Debtor's attempt to withhold production from the Trustee.

Honorable Nancy Hershey Lord
United States Bankruptcy Judge
June 1, 2015
Page -2-

At 3:47 p.m. on the new May 29, 2015 objection deadline, the Debtor sent an email to the Trustee's counsel, a copy of which is annexed hereto as <u>Exhibit A</u>, stating, in relevant part, that:

> "As regards my [*sic*] 5th Amendment rights & privilege; I have reviewed the list of 29 Document Requests in your January 10, 2014 Subpoena (Document 66-2 filed 3/16/14). Although an argument could be made that some of the documents are privileged, **I elect not to claim the privilege as it relates to those requested Documents and hope to have everything on the list to you, by Friday the next**.

(emphasis added).

Based upon the Debtor's recent position change and apparent express consent to produce books, records and documents, the Trustee respectfully requests entry of the proposed order granting the Motion annexed hereto as <u>Exhibit B</u>. The proposed order has been modified from the most recent version filed with the Court on April 30, 2015. A black-lined comparison of the two proposed orders is annexed hereto as <u>Exhibit C</u>. Significantly, the proposed order gives the Debtor until June 12, 2015 to produce all documents (the Debtor stated in his email that he hopes to have all documents produced by June 5, 2015), and requires the Trustee to apply to the Court before getting authorization to search for documents at the Debtor's premises (the original proposed order granted the relief without further application).

If the proposed order meets with the Court's approval, we respectfully request that it be signed and entered. We note that the provisions of the order, which have been on file since March 6, 2014, have remained the same or been made less severe in the proposed order attached.

This letter will also confirm that this Court has cancelled the June 5, 2015 hearing based upon the Debtor's agreement to produce documents and failure to file a supplemental pleading as directed by the Court at the last hearing.

                                            Respectfully submitted,

                                            Fred Stevens

FS:moh
Enclosures

cc (by e-mail):
    Richard E. O'Connell, Chapter 7 Trustee
    Herman Segal, Debtor