**KLESTADT WINTERS JURELLER**　　　　**Presentment Date: July 14, 2015**
**SOUTHARD & STEVENS, LLP**　　　　　**Presentment Time: 12:00 p.m. (EST)**
570 Seventh Avenue, 17th Floor
New York, NY 10018　　　　　　　　　　　**Objection Deadline: July 7, 2015**
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

*Special Counsel to Richard E. O'Connell,*
　　*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　　　　　Chapter 7
HERMAN SEGAL,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　　　　　Case No. 13-45519 (NHL)
　　　　　　　　　　　　Debtor.　　　:
---------------------------------------------------------x

**TRUSTEE'S APPLICATION FOR AN ORDER, PURSUANT TO FED. R.
BANKR. P. 2004, AUTHORIZING THE TRUSTEE TO EXAMINE (I) 11-45
RYERSON HOLDINGS LLC, (II) CHAIM MILLER, A/K/A HARRY MILLER,
(III) SAM SPREI, (IV) 29 RYERSON STREET LLC, (V) SDF47 RYERSON
STREET LLC, AND (VI) MADISON REALTY CAPITAL**

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

　　　　Richard E. O'Connell, the Chapter 7 Trustee (the "Trustee") for the estate of Herman

Segal (the "Debtor"), by and through his special counsel, Klestadt Winters Jureller Southard &

Stevens, LLP, as and for his application (the "Application") for entry of an order in substantially

the same form as that annexed hereto as Exhibit A (the "Proposed Order"), authorizing the

Trustee to examine (i) 11-45 Ryerson Holdings LLC; (ii) Chaim Miller, a/k/a Harry Miller; (iii)

Sam Sprei, (iv) 29 Ryerson Street LLC, (v) SDF47 Ryerson Street LLC, and (vi) Madison Realty

Capital (each an "Examinee," collectively, the "Examinees"), and serve each with a subpoena

*duces tecum* (a "Subpoena," collectively, the "Subpoenas") requiring each to appear for an

examination and/or produce and allow the inspection of documents, pursuant to Fed. R. Bankr. P. 2004, respectfully represents:

## PRELIMINARY STATEMENT

1.      After years of sparring with the Debtor over the production of documents, the Debtor produced a scant 340 pages of documents to the Trustee on June 16, 2015.  That production contained documents suggesting that the Debtor has an entitlement to certain proceeds from a very profitable purchase and sale of the real property located at 29 Ryerson Street in Brooklyn, New York in just two years scoring a profit of nearly $20 million.  The Trustee needs to obtain documents and information related to that transaction in order to determine the estate's claim.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicate for the relief requested herein is Bankruptcy Rules 2004 and 9016, and Federal Rule 45, made applicable by Bankruptcy Rule 9016.

## INTRODUCTION

6.      On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

7.    On or around the Petition Date, Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate. On October 15, 2013, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

## BACKGROUND

8.    Until June 16, 2015, the Debtor had not produced a single document to the Trustee. On June 16th, the Debtor produced 340 pages of documents. Among them were a number of documents concerning a potential claim in connection with the Debtor's pre-petition participation in the acquisition of the property at 29 Ryerson Street, Brooklyn, New York (the "Property"). In connection with this production, the Debtor made the following statement:

> As neither my wife, nor I own any businesses (other than an interest in a claim as per the attached Ryerson Equity LLC), nor do we own any "interest" in any businesses; there are no extant documents such as Formation Document, Income tax returns. . . . .

9.    The documents produced by the Debtor as augmented by certain documents available in the public record tell an interesting story. On February 26, 2013, the Debtor formed Ryerson Equity, LLC ("Ryerson Equity"). Upon information and belief, the Debtor and Chaim Miller, a/k/a Harry Miller ("Miller") are the principals of Ryerson Equity.

10.    On February 27, 2013, Ryerson Equity entered into a contract (the "Contract") to purchase the Property from 29 Ryerson Street LLC for $26.5 million. Both the Debtor and Miller signed the contract for Ryerson Equity.

11.    The Debtor produced an unsigned document dated May 23, 2013 on the letterhead of Ryerson Equity suggesting that the Debtor would be entitled to $1.2 million from Ryerson Equity upon the purchase of the Property.

12.     On August 6, 2013, Miller formed 11-45 Ryerson Holdings LLC ("Ryerson Holdings").

13.     On August 8, 2013, Ryerson Holdings, not Ryerson Equity, closed on the transaction contemplated by the Contract and took title to the Property.

14.     On February 17, 2015, Ryerson Holdings sold the Property to SDF47 Ryerson Street LLC, an entity created by Madison Realty Capital, for $44,964,919

15.     On February 19, 2015, the Debtor filed a claim in the Rabbinical Court of Givas Hamorah against Sam Sprei, a/k/a Shimmy Sprei, who upon information and belief is one of Miller's partners in the transaction concerning the Property.  The Trustee does not know the precise nature of the Debtor's claim or the outcome of the matter before the Rabbinical Court.

16.     On March 13, 2015, The Real Deal reported on Miller's success in deals concerning the Property with a headline *"Madison buys Brooklyn warehouse for $45M from Chaim Miller."*  Claire Moses, The Real Deal, Mar. 13, 2015 ("Miller will have 'profit participation' in the 215K sf Wallabout property on Ryerson Street.")

17.     The documents just produced by the Debtor suggest that the estate may have a claim related to the Debtor's pre-petition participation in the acquisition of the Property.  The Trustee needs to examine the related parties to determine the nature and extent of the estate's claims.

## RELIEF REQUESTED

18.     Pursuant to section 704(a) of the Bankruptcy Code, the Trustee is obligated to, among other things: "(4) investigate the financial affairs of the debtor; . . ."  11 U.S.C. § 704(a)(4).

19.     Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest,

the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

20.    Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." Id. see also, In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

21.    The Rule 2004 examination of the Examinees is necessary in order to investigate the Debtor's financial affairs and, among other things, determine what the estate has a claim against any or all of the Examinees in connection with the transactions concerning the Property.

22.    The Rule 2004 examinations of the Examinees sought herein are necessary for the Trustee to fulfill his duties under the Bankruptcy Code. For all the foregoing reasons, the Trustee respectfully submits that he has demonstrated ample cause and a right to conduct the examinations contemplated herein.

## DOCUMENTS TO BE SOUGHT BY SUBPOENAS

23.    The Trustee intends to demand production of the following documents by the Subpoenas:

    a)  All communications with the Debtor;

    b)  All communications with other parties related to the Property, or the Debtor's

interest therein;

c) All documents related to any agreement with the Debtor concerning the Property, Ryerson Equity, Ryerson Holding or the Contract;

d) All documents related to entry into the Contract;

e) All documents related to or that explain why Ryerson Holding was substituted for Ryerson Equity under the Contract;

f) All documents related to the assertion of any claim asserted by the Debtor in Rabbinical Court or otherwise in connection with the transactions concerning the Property;

g) All documents provided to you by the Debtor in connection with the transactions related to the Property;

h) All documents you provided to the Debtor in connection with the transactions related to the Property;

i) All documents related to any transfers of money or property between you and the Debtor;

j) All documents related to the any transfer of membership interests in Ryerson Equity or Ryerson Holding; and

k) All documents related to the sharing in any profits earned from transactions concerning the Property.

24. The Trustee reserves the right to add additional categories of documents to be requested that may reasonably relate to the Examinees' relationship with the Debtor.

**PROPOSED PROCEDURE**

25. The Trustee proposes that any examination be held at either (i) the offices of Trustee's counsel, Klestadt Winters Jureller Southard & Stevens, LLP, 570 Seventh Avenue, 17th Floor, New York, New York, 10018; (ii) any other location as agreed to by the Trustee and his counsel; or (iii) if this Court does not have subpoena power to compel the personal testimony of any Examinees, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9001(5) and 9016.

26. The Trustee proposes to serve all subpoenas *duces tecum* at least fourteen (14)

days prior to the due date for the production or inspection of any documents or electronic files, or the date of an intended deposition.

## NOTICE

27.    The Trustee will provide notice of this Application and the hearing thereon to the Debtor, Debtor's counsel, the Examinees, the United States Trustee and all parties having filed a notice of appearance in the Debtor's case.

28.    Applications for relief under Rule 2004(a) are usually granted *ex-parte*.  9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing* 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004, *reprinted in* ch. 2004, App. 2004; In re Sutera, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); In re Wilcher, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985); In re Silverman, 10 C.B.C.2d 1219, 36 B.R. 254 (Bankr. S.D.N.Y. 1984).  Some bankruptcy courts even adopt local rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all.  See e.g., D.N.J. L.B.R. 2004-1(b).

29.    Although bankruptcy courts routinely authorize discovery under Bankruptcy Rule 2004(a) *ex-parte*, here the Trustee has afforded the Examinees an opportunity to object and be heard on the Application.  Further, Examinees will have an opportunity to seek relief from any Subpoena duly issued and served by the Trustee should they so choose.

30.    Based upon the foregoing, the Trustee submits that notice of the instant Application and relief sought herein is sufficient, and that no additional or further notice should be required.

## NO PRIOR RELIEF

31.    No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, and for such other and further relief as the Court determines to be just and proper.

Dated:   New York, New York
         June 19, 2015

                                        **KLESTADT WINTERS JURELLER**
                                        **SOUTHARD & STEVENS, LLP**


                                 By:   */s/ Fred Stevens*
                                       Fred Stevens
                                       570 Seventh Ave., 17th Floor
                                       New York, New York 10018
                                       Tel: (212) 972-3000
                                       Fax: (212) 972-2245
                                       Email: fstevens@klestadt.com

                                       *Special Counsel to Richard E. O'Connell, the*
                                       *Chapter 7 Trustee of the Estate of Herman*
                                       *Segal*