UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                    Chapter 7

    HERMAN SEGAL,                                    Case No.: 13-45519-NHL

                Debtor.

-------------------------------------------------------------------x

VICTORIA PRESTINO and RODERICK REYES,

                Plaintiffs
  -against-                                                           Adv. Pro. No. 15-_____

RICHARD E. O'CONNELL as Chapter 7 Trustee of the
Estate of Herman Segal, and EAGLE PARK HOLDING,
LLC,

                Defendants.
-------------------------------------------------------------------x

## COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Plaintiffs Victoria Prestino and Roderick Reyes, through counsel, for their Complaint against defendants Richard E. O'Connell, as Chapter 7 Trustee of the estate of Herman Segal (the "Trustee"), and Eagle Park Holding, LLC ("Eagle Park"), declare as follows:

### NATURE OF ACTION

1. Plaintiffs bring this action to judicially establish their ownership of, prevent the sale by Defendants of and stop the attempted eviction of Plaintiffs from the property located at 2179 East 33rd Street, Brooklyn (the "Property"). Judgment is sought pursuant to Rule 7001, et seq., of the Bankruptcy Rules and Sections 105(a) and 541 of Title 11 of the Bankruptcy Code:

    (a) declaring that: (i) Plaintiffs are the sole beneficial owners of the Property; and (ii) neither the Trustee nor Eagle Park have any ownership interest in the Property;

    (b) vacating the Court's February 8, 2015 Order authorizing the sale of the Property by the Trustee (the "Sale Order") and otherwise enjoining any

1

purported sale of the Property by Defendants; and

(c) enjoining Eagle Park from evicting Plaintiffs from the Property.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157(a) and 157(b) because it is related to Herman Segal's Chapter 7 Bankruptcy case, which is currently pending before this Court

4. Venue of this proceeding in this Court is proper pursuant to 28 U.S.C. §1409(a) because this is a proceeding that, at a minimum, is related to a Title 11 case.

5. This adversary proceeding is commenced pursuant to sections 105 and 541 of the Bankruptcy Code and Bankruptcy Rules 7001 et seq., as well as Section 1515 of the New York Real Property Actions and Proceedings Law ("RPAPL").

## PARTIES

6. Prestino and Reyes are residents of Brooklyn, New York. They both occupy the Property.

7. The Trustee is the appointed Chapter 7 Trustee for the Estate of Herman Segal (the "Debtor") and is a named party solely in his capacity as such.

8. Eagle Park is a New York limited liability company.

## FACTUAL BACKGROUND

**The Bankruptcy**

9. On September 10, 2013 (the "Petition Date"), Herman Segal filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court.

10. On October 15, 2013, Richard E. O'Connell presided over the initial meeting of creditors held pursuant to Section 341(a) of the Bankruptcy Code, where he duly qualified and is consequently serving as permanent trustee of the Debtor's estate by virtue of section 702(d) of the Bankruptcy Code.

11. Plaintiffs were not listed as creditors or otherwise provided with notice of the Debtor's bankruptcy filing.

**The Property**

12. On January 25, 2011, Eagle Park was formed by the filing of a certificate of formation with the New York State Department of State.

13. On January 25, 2011, Eagle Park acquired the Property from Charisse A. Mobilia as surviving tenant by the entirety of James Mobilia for stated consideration of $366,500. The Debtor was apparently once the sole-owner of Eagle Park, which is the fee owner of the Property.

**The Einhorn Loan**

14. Upon information and belief, the Debtor entered into a lending transaction with Harry Einhorn, at the time Eagle Park acquired the Property. In order to provide Einhorn with security for repayment of the loan, the Debtor transferred to Einhorn, as mortgagee, not owner, a one-hundred (100%) percent membership interest in Eagle Park (the "Membership Interest").

**The Galpern and Riciliano Refinance**

15. In or around August 15, 2013, the Debtor borrowed $275,000 from Elliott Galpern (the "Galpern Loan"), which was dispersed as follows: (i) $1,000.00 to David H. Singer, Galpern's lawyer, on account of Galpern's legal fees; (ii) $1,466.67 to Eagle Park for rent due under the Lease; (iii) $2,750.00 to Galpern as a servicing fee; (iv) $2,750.00 to Avi Rosenfeld as a finder's fee; and (v) $267,033.33 to Boris Saks, Esq., Einhorn's counsel, in partial repayment of the Debtor's obligations to Einhorn. At that time the Debtor directed Einhorn to

3

transfer the Membership Interest to Galpern as mortgagee, not owner, to secure the Debtor's repayment of the Galpern Loan.

16. At or around the same time, the Debtor transferred an additional $50,000 to Einhorn to fully repay any obligations to him. The Debtor funded the additional $50,000.00 by selling the Membership Interest and the Property to Dominik Raciliano for $80,000.00. As a result, Raciliano held title to the Property (through Eagle Park), and Galpern held a mortgage interest.

**The Mortgage "Lease"**

17. In connection with the loan from Galpern, Eagle Park and the Debtor entered into the so called "Lease." The Lease required the payment of "rent", which in reality was interest due under the Galpern Loan. Further, the Lease contained a "Purchase Option", which in reality was a balloon payment of the principal under the Galpern Loan.

> [Debtor] shall have the option to purchase the property sold herein for $275,000.00, all cash to [Eagle Park] on 10 days written Notice. Said option shall expire on August 14, 2014, and shall no longer be of any force and effect. [Debtor] shall pay all transfer taxes, fees and costs to purchase the property from [Eagle Park], such that [Eagle Park] shall receive net proceeds of $275,000, from [Debtor]. This option may be extended for one year, if [Debtor] is not in default and pays one month rent for the extension.

**Prestino Purchases the Riciliano Interest and Grants a Life Estate to Reyes**

18. On May 31, 2015 Riciliano sold the Membership Interest, and thereby the Property, to Prestino for $80,000. Subsequently, Prestino granted a life estate in the Property to Reyes, with whom she resides on the Property.

**The Sale Order**

19. On February 8, 2015, the Court issued the Sale Order approving the sale of the Property by the Trustee, with the first $275,000, plus interest and fees, of proceeds going to repay the Galpern Loan, with the balance paid to the Trustee.

**The Eviction Proceeding**

20. On or around March 1, 2014, the Debtor stopped paying the rent (or "interest") due under the Lease and Eagle Park commenced a non-payment and eviction proceeding captioned: <u>Eagle Park Holding LLC v. Segal</u>, L&T Index No. 4519/2014 (the "Eviction Action") in Kings County Landlord-Tenant Court. Because Galpern is not the rightful owner of Eagle Park, but rather in truth a mortgagee, Galpern has no right to "evict" the owners of the Property. Galpern must instead commence a foreclosure proceeding.

21. Moreover, the Debtor did not reside at the Property when the eviction proceeding was commenced, nor does he today. Rather the Property was and remains occupied by plaintiffs Prestino and Reyes, the true owners of Eagle Park.

CLAIM I (NY RPAPL §1515)

22. The foregoing allegations are repeated and realleged as if fully stated herein.

23. Plaintiffs are the rightful owners of Eagle Park and the Property.

24. Defendants have asserted wrongful claims to the Property which interfere with Plaintiffs' title.

25. Galpern is at best a mortgagee and the Trustee has no interest, the Debtor having sold the Property to Prestino prior to the commencement of Debtor's bankruptcy proceeding.

26. Plaintiffs are entitled to a judgment voiding Defendants purported claim to title to the Property and declaring Plaintiffs the owners of Eagle Park and the Property.

CLAIM II (Declaratory Judgment)

27. The foregoing allegations are repeated and realleged as if fully stated herein.

28. There exists a real controversy as to the rightful ownership of Eagle Park and the Property.

29. A declaration is sought that Plaintiffs only own Eagle Park and the Property and that any rights Galpern may have as a lender must be prosecuted through a foreclosure proceeding.

<u>CLAIM III (Injunction)</u>

30. The foregoing allegations are repeated and realleged as if fully stated herein.

31. Plaintiffs are irreparably harmed by the cloud on title resulting from Defendants attempt to seize ownership of Eagle Park and the Property.

32. Plaintiffs risk being deprived of their rightful home as a result of the eviction proceedings by Galpern.

33. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, the Plaintiff demands judgment against Defendants:

1. Declaring Plaintiffs to be the owners of the Membership Interests and the Property;
2. Vacating the Sale Order;
3. Enjoining the Defendants from attempting to evict Plaintiffs;
4. Enjoining Defendants from taking any steps to transfer any interest in the Property other than through a foreclosure proceeding in the New York Supreme Court; and
5. Awarding Plaintiffs interest, costs and reasonable attorneys' fees, as well as such further relief as the Court may deem appropriate.

Dated: June 26, 2015

>BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
>By: /s/ Peretz Bronstein
>Peretz Bronstein
>Edward N Gewirtz
>60 East 42nd Street, Suite 4600
>New York, NY 10165
>(212) 697-6484
>peretz@bgandg.com
>Attorneys for Plaintiffs

## VERIFICATION

       I, Victoria Prestino, a resident of the State of New York, have read the foregoing Complaint and declare under penalties of perjury that the foregoing facts are correct and true to the best of my knowledge and belief and that those factual matters that are stated upon information and belief are believed by me to be true.

_____  6/28/15
Victoria Prestino