UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x    Chapter 7
In re:

                                                  Case No. 13-45519 (nhl)

HERMAN SEGAL,

                                                  Hon. Nancy Hershey Lord
                Debtor.                              United States Bankruptcy Judge
---------------------------------------------------------x

**JOINT OBJECTION TO APPLICATION BY RICHARD E. O'CONNELL, CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING THE EXAMINATION OF SDF 47 RYERSON AND MADISON REALTY CAPITAL PURSUANT TO FED. R. BANKR. P. 2004**

        Non-parties SDF47 Ryerson Street LLC ("SDF") and Madison Realty Capital ("Madison", and together with SDF the "Third-Parties") file this Joint Objection to the application of Richard E. O'Connell, Chapter 7 Trustee ("Trustee") for the estate of Herman Segal (the "Debtor") for an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure permitting the Trustee to conduct discovery of the Third-Parties (the "Application") [docket item 234]. The Third-Parties respectfully represent that the Trustee's application should be rejected for the reasons set forth below:

**PRELIMINARY STATEMENT**

        1.     The Trustee's Application should be denied with respect to the Third Parties for the following reasons. First, the Trustee's Application fails to set forth, or even allege, **any** connection between the Debtor and the Third Parties.

        2.     In point of fact, pursuant to the allegations set forth in the Application at ¶ 9, the Debtor had an interest in Ryerson Equity. LLC ("Ryerson Equity") only.

            a.    The Application further alleges that if Ryerson Equity purchased the real property located at 29 Ryerson Street, Brooklyn, New York (the "Property"), then the Debtor

would have been entitled to a payment. Notwithstanding, the Application provides that Ryerson Equity did not purchase the Property.

3. Instead, pursuant to the Application, an entity which the Debtor was unaffiliated with, 11-45 Ryerson Holding LLC ("Ryerson Holdings") took title to the Property on or about August 8, 2013, and thereafter sold its interest in the Property to SDF (the "Transaction"). See Application at ¶¶'s 13-14.

4. Thus, SDF's involvement with the Property stems from the fact that it purchased the Property from Ryerson Holdings, and not the Debtor or any entity which the Application alleges the Debtor had an interest.

5. Accordingly, the Trustee has failed to establish any entitlement to take discovery of the Third Parties by way of Fed. R. Bankr. P. 2004.

6. In the alternative, and to the extent that this Court is inclined to permit the Trustee to engage in discovery of the Third-Parties, such discovery should be limited in scope to documents and matters related solely to the sale of the Property as anything beyond the sale would have no connection whatsoever to the Debtor or his bankruptcy case and would be irrelevant and unreasonable.

## **OBJECTION**

7. The scope of examination permitted under Rule 2004 of the Federal Rules of Bankruptcy Procedure, although broad, is subject to limitations. "Despite its characterization as being tantamount to a 'fishing expedition,' a Rule 2004 examination must be *both relevant and reasonable*." *In re: Symington*, 209 B.R. 678, 684 (Bankr . D. Md. 1997) (emphasis added).

8. "In granting a Rule 2004 examination request, the bankruptcy court is required to make a finding of good cause for the examination." *In re MF Global Inc.*, 2013 Bankr. LEXIS

129, at *1; *see also ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004). Good cause is shown if the examination sought is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.*, 318 B.R. at 268 (internal citation omitted).

9. To satisfy the requirement of relevance, a Rule 2004 examination must "relate *only* to the acts, conduct or property or the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b) (*emphasis added*). On the other hand, "examination of a witness as to matters having no relationship to the debtors' affairs or no effect on the administration of his estate is improper." *In re: Wilcher*, 56 B.R. at 433; *In re: Johns-Manville Corp.*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984).

10. The examination of non-interested third parties, such as the Third-Parties, is even more limited. "[A]lthough Rule 2004 permits examinations of 'third parties[,]' the language of the rule makes it 'evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy." *In re: Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). "Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *Id.*

11. In addition, Rule 2004 requires courts to "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). Courts must weigh the relevance of the discovery against the burden it will impose on the producing party. *In re MF Global Inc.*, 2013 Bankr. LEXIS 129 at *1; *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991). "[T]he examination should not be so broad as to be more disruptive and

costly to the [producing party] than beneficial to the [requesting party]." *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987).

12. In this case, the all allegations contained in the Application provide only that the Third-Parties merely purchased the Property from Ryerson Holdings, and failed to allege any connection between the Debtor and the Third Parties, or Ryerson Holdings for that matter.

13. Despite the conclusory and self-serving allegations contained in the Application, the Trustee has utterly failed to explain how SDF's purchase of the Property will lead to any relevant facts which may be reasonably calculated to recover money or property to which the Debtor's Estate may claim an interest.

14. The Trustee has failed to show how a 2004 examination of the Third-Parties is warranted under the facts contained in the Application. A 2004 examination of the Third-Parties would allow the Trustee unfettered discovery of the Third-Parties' business dealings, which would be unduly burdensome to the Third-Parties, especially in light of what little the Trustee has shown in his Application.

15. As such, the balancing of competing interests weighs heavily in favor of the Third Parties. Accordingly, the Application should be denied.

16. In the alternative, any discovery sought from the Third-Parties should be limited in scope to documents and matters related solely to the sale of the Property as anything beyond the sale would have no connection whatsoever to the Debtor or his bankruptcy case and would be irrelevant, unduly burdensome and unreasonable.

## **CONCLUSION**

17. For the foregoing reasons, the Court should enter an Order denying the Trustee's Application for the entry of an Order permitting a Rule 2004 examination of the Third-Parties, or in the alternative, limit the scope of any discovery by the Trustee upon the Third Parties, solely to matters involving the Transaction.

Dated: New York, New York
       July 7, 2015

                                                KRISS & FEUERSTEIN LLP

By:   *s/ Jerold C. Feuerstein*
       Jerold C. Feuerstein, Esq.
       Greg A. Friedman, Esq.
       360 Lexington Avenue
       Suite 1200
       New York, New York 10017
       (212) 661-2900
       (646) 454-4168 - facsimile

       *Attorneys for SDF47 and Madison Realty Capital*