**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

*Special Counsel to Richard E. O'Connell,*
  *Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re                                                        :
                                                             :     Chapter 7
HERMAN SEGAL,                                     :
                                                             :     Case No. 13-45519 (NHL)
                              Debtor.              :
---------------------------------------------------------x

### DECLARATION OF FRED STEVENS IN SUPPORT OF TRUSTEE'S EMERGENCY *EX-PARTE* MOTION FOR AN ORDER AUTHORIZING THE TRUSTEE TO UTILIZE THE IMAGES OF THE DEBTOR'S ELECTRONIC DEVICES CONSISTENT WITH THIS COURT'S MEMORANDUM DECISION AND ORDER DATED JULY 31, 2015

FRED STEVENS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.  I am an attorney duly licensed to practice law before this Court and am a partner of the law firm Klestadt Winters Jureller Southard & Stevens, LLP ("KWJSS"), with offices at 570 Seventh Avenue, 17th Floor, New York, New York 10018. KWJSS serves as special litigation counsel to Richard E. O'Connell, the Chapter 7 Trustee (the "Trustee") for the estate of Herman Segal (the "Debtor").

2.  I submit this declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746, in support of the Trustee's emergency, *ex-parte* motion (the "Motion") for an order authorizing the Trustee to utilize the images (the "Images") of the Debtor's electronic devices (the

"Devices") consistent with this Court's Order with accompanying Memorandum Decision, dated July 31, 2015 (collectively, the "Imaging Order") [Docket No. 260], authorizing the Trustee to make Images of the Devices and establishing the procedures for using those Images.

## PRELIMINARY STATEMENT

3. The Motion should be entirely unnecessary. The Imaging Order is perfectly clear. The Trustee is entitled to the use the Images in accordance with the Imaging Order. However, when the Debtor finally produced the Devices for imaging at around 6 pm on Tuesday, August 11, 2015, they were encrypted and completely useless without the decryption codes. The Debtor refused to provide the decryption codes so the Images could be taken unless the Trustee agreed not to use the Images without an agreement with the Debtor or further order of the Court. Given the difficulty in getting the Debtor to produce the Devices and the fact that the Court was assumed to be unavailable at 6 pm, the Trustee agreed to the condition so that he could obtain the Images. However, he cannot use them by agreement absent a further order of this Court. Accordingly, the Trustee seeks the immediate entry of the proposed order annexed hereto as Exhibit A.

## RELEVANT BACKGROUND

4. I respectfully refer the Court to the Imaging Order and the Trustee's motion seeking same for a full recitation of the facts and circumstances leading up to the entry of the Imaging Order. The Trustee only includes herein those facts that occurred after entry of the Imaging Order to which this Court is unaware.

5. On July 31, 2015, the Trustee delivered the Imaging Order to the Debtor and Jeffrey Brenner ("Brenner"), a representative of Maragell, the entity charged under the Imaging Order with the obligation of making the Images and complying with the use protocol, requesting

that the Debtor and Brenner coordinate making the Images.

6. Pursuant to the Imaging Order, the Images had to be made within seven (7) days of the entry of the Imaging Order, or August 7, 2015 (the "Imaging Deadline").

7. On July 31, 2015, Brenner sent an email to the Debtor and me requesting that the Debtor call him to arrange a day and time to make the Images.

8. On August 4, 2015, Brenner sent another email to the Debtor and copying me stating that he had not heard from the Debtor and requesting a phone call from the Debtor.

9. At 12:27 p.m. on August 7, 2015 (the Imagine Deadline), the Debtor responded for the first time stating that he "will be in touch later today to make arrangements."

10. Following a conversation with Brenner, at 5:10 p.m. on August 7, 2015, the Debtor sent an email to Brenner with a copy to me asking to bring the Devices to our offices at 3:00 p.m. "or so" on Monday, August 10, 2015.

11. At 5:12 p.m. on August 7, 2015, Brenner responded to the Debtor's email stating that "3 pm is fine with us.  see you then."

12. At 9:14 a.m. on Monday, August 10, 2015, Christopher Reilly from my office sent an email to Brenner and the Debtor stating "As confirmation, we will see you all today at 3 pm."

13. At or around 2:00 p.m. on Monday, August 10, 2015, Brenner and Steve Hilary from Maragell came to KWJSS's offices from their offices in Cherry Hill, New Jersey (approximately 90 miles) to meet with the Debtor and obtain the Images of his Devices.

14. At 3:22 p.m. on Monday, August 10, 2015, the Debtor sent an email to Brenner and me stating that he needed to reschedule for the next day because he hurt his back.  Brenner and his colleague left our offices to return to their offices in Cherry Hill.  The Debtor agreed to

bring the Devices to Maragell's offices in Cherry Hill the following day.

15. At or around 6:00 p.m. on Tuesday, August 11, 2015, the Debtor came to Maragell's offices in Cherry Hill, New Jersey with his Devices, consisting of an iPhone and a computer. Upon inspection, Brenner discovered that the Devices were intentionally encrypted with an encryption program, rendering their contents completely useless without the decryption codes (the "Codes"). Brenner requested the Codes from the Debtor. The Debtor refused to provide them citing his rights under the Fifth Amendment of the U.S. Constitution.

16. The Debtor would not agree to enter the Codes until the Trustee agreed that he would not use the Images absent further order of the Court or an agreement regarding the use of the Images. The Trustee reluctantly agreed to the condition for the following reasons: (i) the needs the Images and could not afford to go through the time and expense necessary to get another opportunity to obtain them; and (ii) this new condition by the Debtor was never made until 6:00 in the evening, long after the Court closed. The Trustee concluded that it was wiser to obtain the Images while he had the opportunity and seek an additional order from this Court.

*[Continued on next page]*

## CONCLUSION

17.     The Debtor has an apparent insatiable appetite for nonsensical, contemptuous and obstructionist behavior.  The Imaging Order is clear.  The Trustee's entitlement to use the Images in accordance with the Imaging Order is clear.  The Debtor's encryption (the timing of which will be learned by the Trustee shortly) is nothing more than trying to get a second bite at the relief granted in the Imaging Order.  Accordingly, the Trustee respectfully requests the immediate entry of the proposed order annexed hereto as Exhibit A confirming his authority to use the Images in accordance with the Imaging Order.

Dated:   New York, New York
         July 12, 2015

*/s/ Fred Stevens*
Fred Stevens