

KLESTADT
WINTERS
JURELLER
SOUTHARD &
STEVENS, LLP

570 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10018-1624
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

FRED STEVENS
DIRECT: (212) 679-5342
EMAIL: FSTEVENS@KLESTADT.COM

September 1, 2015

**VIA EMAIL & ECF**

Honorable Nancy Hershey Lord
United States Bankruptcy Judge
U.S. Bankruptcy Court – EDNY
Conrad B. Duberstein U.S. Courthouse
271-C Cadman Plaza East
Brooklyn, New York 11201-1800

Re:     **In re Herman Segal, Debtor**
        **USBC EDNY Case No. 13-45519 (NHL)**
        **Request for Ruling on Designations of Documents to be Withheld from Trustee**

Dear Judge Lord:

We are counsel to Richard E. O'Connell (the "Trustee"), chapter 7 trustee of the estate of Herman Segal (the "Debtor"). The purpose of this letter is to raise issues with the Debtor's withholding of documents (collectively, the "Withheld Documents") that were obtained from searches of the images (the "Images") of the Debtor's computer and telephone (the "Devices") in accordance with the Order entered by the United States Bankruptcy Court for the Eastern District of New York (Lord, J.) on July 31, 2015, in the Debtor's case at Docket No. 260 (the "Imaging Order"), and the subsequent related orders entered August 14, 2015 at Docket No. 265 (the "Second Imaging Order") and August 27, 2015 at Docket No. 269 (the "Third Imaging Order") (the Imaging Order, the Second Imaging Order and Third Imaging Order are collectively referred to herein as the "Imaging Orders"). A copy of the Debtor's letter designating the Withheld Documents is annexed hereto as Exhibit A.

## I.      The Withheld Documents

On August 18 and August 19, 2015, Maragell sent to the Debtor an email and ShareFile link containing the results of an initial search of the Images. Pursuant to Paragraph 3 of the Imaging Order, the deadline for the Debtor to designate items to be withheld was August 25, 2015 and August 26, 2015, respectively. After the expiration of both deadlines, on August 31, 2015, the Debtor produced a list of Withheld Documents to be withheld for various reasons. The Trustee requests that all Withheld Documents (except for the Wife Communication as defined below) be turned over to him immediately.

Hon. Nancy Hershey Lord
United States Bankruptcy Judge
September 1, 2015
Page -2-

## A.  The Deadline to Designate Documents to be Withheld Expired

By the terms of the Imaging Order, the Debtor lost his right to designate documents to be withheld from the Trustee.  The Imaging Order is final and unappealable.  The Debtor never timely sought any elongation of the deadline in the Imaging Order and instead, chose to spend his time and energies further obstructing the Trustee's obtaining and using the Images.  For at least these reasons, all Withheld Documents (other than the Wife Communication) should be turned over to the Trustee immediately.

## B.  The Reasons Given by the Debtor for Withholding the Withheld Documents are Insufficient

Based on the untimeliness of the Debtor's designation of the Withheld Documents, the Trustee does not believe there is any necessity to explore the legitimacy of the Debtor's designations.  Regardless, most, if not all, of the designations are improper on their face.

### 1.  <u>Line 71</u> - /F/Users/Herman/Desktop/Retainer (1).pdf

The Debtor objects to the production of this document because it "is a retainer agreement that I hired an attorney regarding the foreclosure on the Miami Co-op and should be protected under atty client privilege."  The Debtor fails to: (a) identify the size of the document withheld; or (b) identify the author (the alleged attorney).  Moreover, the Miami Co-op is property of the Debtor's estate.  The pre-petition agreement to retain counsel in connection with a foreclosure action is hardly the kind of privileged communication that can be withheld from a Trustee who is administering the asset and stepping into the Debtor's shoes with respect to any dispute with the adversary in the foreclose action.

This document should be produced under any circumstances.

### 2.  <u>Line 60, 115 and 168</u> - /F/Panasonic/Panasonic-DMS/Port Controller/Network Scan Data/Centurion Settlements 12-31-11 statement.pdf; /F/Users/Herman/Documents/Downloads/Centurion January.pdf; and/F/Users/Herman/Documents/oct 162 w.doc

The Debtor objects to the production of these documents because they "are possibly Altered Bank Statements," and "[t]hey are protected under the 5th Amendment."  The Debtor fails to: (a) identify the size of the documents; (b) identify the author and his/her position; or (c) identify the recipient and his/her position.  Further, the Debtor's stated basis for withholding makes no sense.  Since the Debtor is not "producing" the documents in question, there is no testimonial act by producing the documents.  The documents exist on his Devices and contain one or more search terms designated by the Trustee.  The Debtor needs to, at the very least, explain his position much better before these documents can be withheld.

Hon. Nancy Hershey Lord
United States Bankruptcy Judge
September 1, 2015
Page -3-

These documents should be produced under the circumstances.

**3.  Line 186 - /F/Users/Herman/Documents/Segal, Herman - Relentless Energy Investment bill 4-16-13.pdf**

The Debtor objects to the production of this document because it "is a retainer agreement that I hired an attorney and should be protected under atty client privilege." The Debtor fails to: (a) identify the size of the document; (b) identify the author and his/her position; or (c) identify the recipient and his/her position. The document itself references "Relentless Energy Investment," which should be explained. The Debtor has not done enough to protect this document from production.

This document should be produced under the circumstances.

**4.  Line 224 - /F/Users/Yocheved Segal/Documents/Downloads/Documents/Eagle Park L & T Answer - Shapiro .pdf**

The Debtor objects to the production of this document because it has "my handwritten notes on an attorney communication, and should be protected under atty client privilege." The Debtor fails to: (a) identify the size of the document; (b) identify the author and his/her position; or (c) identify the recipient and his/her position. The Debtor does not tell us who the attorney is, who retained him or her, or why his handwritten notes are subject to a privilege. Further, the file document title appears to be in connection with a legal action to which the Trustee succeeded the Debtor and to which the Trustee should be entitled. The Debtor has not done enough to protect this document from production.

This document should be produced under the circumstances.

**5.  Line 229 - /F/Users/Yocheved Segal/Documents/Downloads/Documents/Retainer Bronstein Executed.pdf**

The Debtor objects to the production of this document because it "is a retainer agreement that I hired an attorney and should be protected under atty client privilege." The Debtor fails to: (a) identify the size of the document; (b) identify the author and his/her position; or (c) identify the recipient and his/her position. The Debtor does not tell us who the attorney is, or who retained him or her, or why his handwritten notes are subject to a privilege. Further, the document is titled "Retainer Bronstein Executed." As the Court is well aware, if this is Peretz Bronstein, he currently represents Lilly Segal, the Debtor's mom, and Roderick Reyes and Victoria Prestino in litigation here. Mr. Bronstein's disinterestedness has already been questioned by the Court and the Court and parties should know whether he has an attorney-client

Hon. Nancy Hershey Lord
United States Bankruptcy Judge
September 1, 2015
Page -4-

relationship to the Debtor.  Further, if Mr. Bronstein is representing the Debtor, he has to file a disclosure of compensation pursuant to Fed. R. Bankr. P. 2016(b), which he has not done.

This document should be produced under the circumstances, and any relationship between the Debtor and Mr. Bronstein should be disclosed to the Court.

**6.  Line 230 – /F/Users/Yocheved Segal/Documents/Downloads/Documents/Ryerson agreement.pdf**

The Debtor objects to the production of this document because it "may be a document that was never executed and the purported signatures are possibly forged," and "is protected under the 5th Amendment."  The Debtor fails to: (a) identify the size of the document; (b) identify the author and his/her position; or (c) identify the recipient and his/her position.  Further, the Debtor's stated basis for withholding makes no sense.  Since the Debtor is not "producing" the document in question, there is no testimonial act by producing the document.  The document exists on his Device and contains one or more search terms designated by the Trustee.  The Debtor needs to, at the very least, explain his position much better before these documents can be withheld.

This document should be produced under the circumstances.

**7.  Line 233 - /F/Users/Yocheved Segal/Documents/Fax cover page.docx**

The Debtor objects to the production of this document because it "may be a document that was possibly forged," and "is protected under the 5th Amendment."  The Debtor fails to: (a) identify the size of the document; (b) identify the author and his/her position; or (c) identify the recipient and his/her position.  Further, the Debtor's stated basis for withholding makes no sense.  Since the Debtor is not "producing" the document in question, there is no testimonial act by producing the document.  The document exists on his Device and contains one or more search terms designated by the Trustee.  The Debtor needs to, at the very least, explain his position much better before these documents can be withheld.

This document should be produced under the circumstances.

**C.  No Objections**

The Debtor objected to the production of Line 242, a "02 10 15 Retainer Letter," which he stated was a retainer letter between his wife and her attorney (the "Wife Communication"). The Trustee agrees the basis for withholding this document and has no objection to its being withheld.

Hon. Nancy Hershey Lord
United States Bankruptcy Judge
September 1, 2015
Page -5-

## II.    Conclusion

The Trustee respectfully submits that the Debtor has waived his right to designate any documents to be withheld under the clear and unambiguous terms of the Imaging Order, and that all Withheld Documents, except that to which there is no objection, should be turned over to the Trustee on that basis alone.

Further, the Trustee submits that the Debtor has failed to provide adequate reasons for withholding any of the Withheld Documents other than the Wife Communication and should be compelled to produce them irrespective of the expired deadline.

For all the foregoing reasons, the Trustee respectfully requests that the Court enter the annexed order directing the release of the Withheld Documents (other than the Wife Communication).  The Trustee's counsel will be available for a call or hearing at the Court's convenience on these issues if the Court deems it necessary.

Respectfully submitted,

Fred Stevens

FS:moh
Enclosures

cc:    Herman Segal, Debtor



570 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10018-1624
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

**EXHIBIT A**

**DEBTOR'S AUGUST 31, 2015 EMAIL DESIGNATING WITHHELD DOCUMENTS**



570 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10018-1624
TELEPHONE (212) 972-3000
TELEFAX (212) 972-2245
WWW.KLESTADT.COM

**EXHIBIT B**

**PROPOSED ORDER**