**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

*Special Counsel to Richard E. O'Connell,*
   *Chapter 7 Trustee*

**Presentment Date: November 6, 2015**
**Presentment Time: 12:00 p.m. (EST)**

**Objection Deadline: October 30, 2015**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                          :
                                                              :          Chapter 7
HERMAN SEGAL,                                      :
                                                              :          Case No. 13-45519 (NHL)
                                  Debtor.            :
-----------------------------------------------------------x

### TRUSTEE'S APPLICATION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE TRUSTEE TO EXAMINE (I) MOSHE ORATZ, (II) MOBLI MEDIA INC., (III) OMEGA GLOBAL CONSULTANTS LLC, AND (IV) OMEGA OXFORD YORK LLC

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

Richard E. O'Connell, the Chapter 7 Trustee (the "Trustee") for the estate of Herman

Segal (the "Debtor"), by and through his special counsel, Klestadt Winters Jureller Southard &

Stevens, LLP, as and for his application (the "Application") for entry of an order in substantially

the same form as that annexed hereto as Exhibit A (the "Proposed Order"), authorizing the

Trustee to examine: (i) Moshe Oratz; (ii) Mobli Media Inc., (iii) Omega Global Consultants, and

(iv) Omega Oxford York LLC (each an "Examinee," collectively, the "Examinees"), and serve

each with a subpoena *duces tecum* (a "Subpoena," collectively, the "Subpoenas") requiring each

to appear for an examination and/or produce and allow the inspection of documents, pursuant to

Fed. R. Bankr. P. 2004, respectfully represents:

## PRELIMINARY STATEMENT

1.      After years of sparring with the Debtor over the production of documents, the Trustee is now in the possession of over two-thousand (2,000) emails of the Debtor, which he obtained through the Court-ordered imaging of the Debtor's electronic devices and copying of Debtor's emails and other data stored by third parties.  Among other things learned from the emails, the Trustee discovered that the Debtor has a close relationship with Moshe Oratz ("Oratz"), and a shared connection to a successful startup venture called Mobli Media Inc. ("Mobli").  The Trustee needs to discover the nature of the Debtor's relationship to Oratz and Mobli in order to determine if the Debtor or his estate have any assets or claims that can be pursued for the benefit of creditors.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicate for the relief requested herein is Bankruptcy Rules 2004 and 9016, and Federal Rule 45, made applicable by Bankruptcy Rule 9016.

## INTRODUCTION

6.      On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

7.    On or around the Petition Date, Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate.  On October 15, 2013, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

## BACKGROUND

8.    Mobli owns and manages a social mobile photo and video-sharing website (www.mobli.com).  Mobli was founded in 2010 by Moshe Hogeg, Yossi Shemesh and Emmanuel Merali, and has a number of celebrity investors including Serena Williams, Leonardo DiCaprio and Tobey Maguire.

9.    The Trustee discovered that the Debtor has certain potential connections to Mobli while reviewing the Debtor's emails.  For example, the Trustee found in the Debtor's email a draft "Joinder Agreement" dated January 7, 2013, pursuant to which an entity named Omega Oxford LLC acknowledged and joined Mobli's Stockholders' Agreement after receiving Mobli shares from Omega Global Consultants LLC.  Known Debtor associate Alan Spiegel signed for Omega Global Consultants LLC and Avrohom Oratz signed for Mobli.  No individual signed the agreement for Omega Oxford York LLC.

10.    The Trustee also found an electronic note kept by the Debtor and apparently originated on November 4, 2013 (approximately two months after the Petition Date), wherein the Debtor stated:

> I don't believe that you'll sell me out of Mobli for 25% of what I paid almost 2 years ago (when you were desperate for money) on 10 days notice (of which 5 days were Yom Tov).  On the cusp of news which will finally start moving the stock.

11.    The Trustee also located a number of other emails from and to Oratz unrelated to

Mobli including the following:

>   a) On March 4, 2013, Oratz sent an email to the Debtor letting him know that his
>   $43,181.81 check bounced and the Debtor replied, "[s]orry about that!  You
>   should have a representative that takes care of you!"; and
>
>   b) On May 11, 2015, the Debtor sent an email wherein he asked Oratz to wire
>   $10,000 to Peretz Bronstein, counsel to Roderick Reyes and Victoria Prestino in
>   their lawsuit against the Trustee.

12.    It also appears that Oratz was involved in the 29 Ryerson Street deal that was the focus of a prior Bankruptcy Rule 2004 request (and ongoing investigation) of the Trustee [see Order, dated July 24, 2015, at Docket No. 256].  On November 25, 2013, attorney Yisroel Schwartz sent an email to the Debtor with the subject line "Ryerson, Sprei, & Moshe Oratz," wherein Mr. Schwartz wrote:

> Heshy,
>
> Please don't take my failure to talk to you personally in any way.  I was expressly told by
> Moshe back during the closing period, that it is his money and that he and you have other
> issues to work out.  He also expressly told me not to discuss with you.  There are other
> circumstances surrounding Moshe and Shimmy's [Sam Sprei's] relationship and I do not
> have the details.  I cannot speak to anyone on this transaction regarding the transaction
> without Shimmy on the phone.  FYI, Shimmy was on the phone when Moshe told me not
> to talk to you.  If I were you, I would try to reach out to Shimmy again.  Perhaps he can
> enlighten you as to the details between Moshe and himself.

The Debtor forwarded the foregoing November 25, 2013 email to Oratz on January 9, 2015 with the comment "BTW we never really resolved this either.  Lol."

13.    The documents obtained from the Debtor's electronic devices suggest that the Debtor had or has significant financial dealings with Oratz related to Mobli, the 29 Ryerson Street project and other things.  They further suggest that the Debtor has a direct or indirect interest in Mobli.  The Trustee needs to examine the Examinees to determine the nature and

extent of the estate's claims.

## **RELIEF REQUESTED**

14.     Pursuant to section 704(a) of the Bankruptcy Code, the Trustee is obligated to, among other things: "(4) investigate the financial affairs of the debtor; . . ." 11 U.S.C. § 704(a)(4).

15.     Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest, the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

16.     Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." Id. see also, In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

17.     The Rule 2004 examination of the Examinees is necessary in order to investigate the Debtor's financial affairs and, among other things, determine what the estate has a claim against any or all of the Examinees in connection with the transactions concerning the Property.

18.     The Rule 2004 examinations of the Examinees sought herein are necessary for the Trustee to fulfill his duties under the Bankruptcy Code. For all the foregoing reasons, the

Trustee respectfully submits that he has demonstrated ample cause and a right to conduct the examinations contemplated herein.

## DOCUMENTS TO BE SOUGHT BY SUBPOENAS

19.    The Trustee intends to demand production of the following documents by the Subpoenas:

a)  All communications with the Debtor;

b)  All communications with other parties related to the Debtor;

c)  All documents related to any agreement with the Debtor, or any individual or entity affiliated with the Debtor, concerning Mobli;

d)  All documents related to or that explain any investment made by the Debtor in Mobli;

and the following additional requests will be made by the Subpoena issued to Oratz:

e)  All documents related to any investment made by you or the Debtor in the 29 Ryerson Street project;

f)  All documents related to any claim held or asserted by you or the Debtor regarding the 29 Ryerson Street project;

g)  All documents related to any transfers of property by the Debtor, or any entity or individual controlled by the Debtor or acting on behalf of the Debtor, to you or any individual or entity affiliated with you;

h)  All documents related to any transfers of property by you, or any entity or individual controlled by you or acting on your behalf, to the Debtor or any individual or entity affiliated with the Debtor; and

i)  All documents related to the assertion of any claim asserted by the Debtor in Rabbinical Court or otherwise in connection with the transactions concerning the 29 Ryerson Street project.

20.    The Trustee reserves the right to add additional categories of documents to be requested that may reasonably relate to the Examinees' relationship with the Debtor.

## PROPOSED PROCEDURE

21.    The Trustee proposes that any examination be held at either (i) the offices of

Trustee's counsel, Klestadt Winters Jureller Southard & Stevens, LLP, 570 Seventh Avenue, 17th Floor, New York, New York, 10018; (ii) any other location as agreed to by the Trustee and his counsel; or (iii) if this Court does not have subpoena power to compel the personal testimony of any Examinees, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9001(5) and 9016.

22.     The Trustee proposes to serve all subpoenas *duces tecum* at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or the date of an intended deposition.

## **NOTICE**

23.     The Trustee will provide notice of this Application and the hearing thereon to the Debtor, Debtor's counsel, the Examinees, the United States Trustee and all parties having filed a notice of appearance in the Debtor's case.

24.     Applications for relief under Rule 2004(a) are usually granted *ex-parte*.  9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing* 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004, *reprinted in* ch. 2004, App. 2004; In re Sutera, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); In re Wilcher, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985); In re Silverman, 10 C.B.C.2d 1219, 36 B.R. 254 (Bankr. S.D.N.Y. 1984).  Some bankruptcy courts even adopt local rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all.  See e.g., D.N.J. L.B.R. 2004-1(b).

25.     Although bankruptcy courts routinely authorize discovery under Bankruptcy Rule 2004(a) *ex-parte*, here the Trustee has afforded the Examinees an opportunity to object and be heard on the Application.  Further, Examinees will have an opportunity to seek relief from any Subpoena duly issued and served by the Trustee should they so choose.

26.     Based upon the foregoing, the Trustee submits that notice of the instant

Application and relief sought herein is sufficient, and that no additional or further notice should be required.

## NO PRIOR RELIEF

27.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, and for such other and further relief as the Court determines to be just and proper.

Dated:   New York, New York
             October 8, 2015

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**


By:   _/s/ Fred Stevens_
         Fred Stevens
         570 Seventh Ave., 17th Floor
         New York, New York 10018
         Tel: (212) 972-3000
         Fax: (212) 972-2245
         Email: fstevens@klestadt.com

         _Special Counsel to Richard E. O'Connell, the_
         _Chapter 7 Trustee of the Estate of Herman_
         _Segal_