

570 S<small>EVENTH</small> A<small>VENUE</small>
17<small>TH</small> F<small>LOOR</small>
N<small>EW</small> Y<small>ORK</small>, NY 10018-1624
T<small>ELEPHONE</small> (212) 972-3000
T<small>ELEFAX</small> (212) 972-2245
WWW.KLESTADT.COM

F<small>RED</small> S<small>TEVENS</small>
D<small>IRECT</small>: (212) 679-5342
E<small>MAIL</small>: FSTEVENS@KLESTADT.COM

October 14, 2015

**VIA EMAIL & ECF**

Honorable Nancy Hershey Lord
United States Bankruptcy Judge
U.S. Bankruptcy Court – EDNY
Conrad B. Duberstein U.S. Courthouse
271-C Cadman Plaza East
Brooklyn, New York 11201-1800

**Re:   In re Herman Segal, Debtor**
        **USBC EDNY Case No. 13-45519 (NHL)**
        **Hearing on October 15, 2015 at 4:00 p.m.**

Dear Judge Lord:

We are counsel to Richard E. O'Connell (the "Trustee"), chapter 7 trustee of the estate of Herman Segal (the "Debtor").

As Your Honor may recall, the Court held a hearing on September 9, 2015, at 10:30 a.m. with regard to the Trustee's challenge of the Debtor's claim of privilege and withholding of certain documents that were obtained from searches of the images (the "Images") of the Debtor's computer and telephone (the "Devices") in accordance with the Order entered by the United States Bankruptcy Court for the Eastern District of New York (Lord, J.) on July 31, 2015, in the Debtor's case at Docket No. 260 (the "Imaging Order"), and the subsequent related orders entered August 14, 2015 at Docket No. 265 (the "Second Imaging Order") and August 27, 2015 at Docket No. 269 (the "Third Imaging Order") (the Imaging Order, the Second Imaging Order and Third Imaging Order are collectively referred to herein as the "Imaging Orders").

At the hearing on September 9, 2015, the Debtor indicated that he intended to seek to recover documents taken from the Images or his Gmail account that had already been turned over to the Trustee pursuant to the Imaging Orders. The Court reserved time on **October 15, 2015 at 4:00 p.m.** to hear the Debtor's motion to claw back documents that had already been turned over to the Trustee. While the Debtor has not yet filed a motion, he has indicated to the Trustee that he intends to go forward with the hearing and has indicated that a motion will be forthcoming.

Hon. Nancy Hershey Lord
United States Bankruptcy Judge
October 14, 2015
Page -2-

      In an effort to provide the Court with some notice of the issues that may be raised at the hearing, the Trustee attaches the following correspondence with the Debtor:

1) Email from the Debtor dated September 17, 2015, wherein the Debtor asserted that all correspondence between the Debtor and Peretz Bronstein or his law firm is subject to the attorney-client privilege and demanding that Trustee not open them or use them, and Trustee's counsel's response thereto.

2) Email from the Debtor dated October 9, 2015, wherein the Debtor asserted that Trustee's counsel was in blatant violation of the Imaging Orders and the Debtor's rights, and threatening to ask this Court for severe sanctions and referring counsel's alleged unethical behavior to the bar association, and then Trustee's response thereto and ensuing e-mail dialogue.

      The Trustee is not seeking any relief at tomorrow's hearing and has not prepared any response to the Debtor's anticipated motion. Still, if it please the Court, the Trustee is ready, willing and able to proceed tomorrow and respond to whatever challenges or issues the Debtor may raise at the hearing.

      Respectfully submitted,

      Fred Stevens

FS:moh
Enclosures

cc (by e-mail):
    Herman Segal, Debtor



570 S<small>EVENTH</small> A<small>VENUE</small>
17<small>TH</small> F<small>LOOR</small>
N<small>EW</small> Y<small>ORK</small>, NY 10018-1624
T<small>ELEPHONE</small> (212) 972-3000
T<small>ELEFAX</small> (212) 972-2245
WWW.KLESTADT.COM

# **EXHIBIT A**

## **September 17, 2015 Email Dialogue**

# Fred Stevens

| | |
|---|---|
| **From:** | Fred Stevens |
| **Sent:** | Thursday, September 17, 2015 5:22 PM |
| **To:** | 'Herman Segal' |
| **Cc:** | Christopher Reilly |
| **Subject:** | RE: Privileged Emails |

Mr. Segal -

I will state our position on this topic now so that you can better prepare your claw back motion.  To the extent there is any communication between Mr. Bronstein and/or his firm (collectively, the "Bronstein Firm") and you regarding any matter where the Bronstein Firm is acting as your counsel, we may discuss the application of the privilege.  However, we do not consider any communications between you and the Bronstein Firm regarding the Bronstein Firm's representation of any other party, including Roderick Reyes and/or Victoria Prestino, to be privileged.  The privilege, if any, exists between Reyes/Prestino and the Bronstein Firm and was broken upon the Bronstein Firm's decision to communicate with you about another client's case.

Moreover, we are going to object to any claw back claim based upon attorney-client privilege.  We have the documents.  You had an opportunity to review them before we got them pursuant to the Court's order.  There is strong legal precedent for the notion that because you did not take advantage of the opportunity to screen and protect arguably privileged documents, you have waived the protection.  See, e.g., Fox v. Massey-Ferguson, Inc., 172 F.R.D. 653, 671 (E.D. Mich. 1995) ("when a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent."); Pacific Coast Steel, Inc. v. Leany, No. 2:09-cv-12190-KJD-PAL (D. Nev. Sept. 30, 2011) (court denied request to return privileged documents because producing party never made an effort to protect privilege); Mt. Hawley Ins. Co. v. Felman Production, Inc., S.D. W. Va. (May 18, 2010) (courts reject clawback agreements if parties do not take reasonable precautions to protect privilege).

Accordingly, we plan to use communications between you and the Bronstein Firm as we believe to be appropriate unless and until the Bankruptcy Court instructs otherwise.

Regards,

Fred Stevens
Klestadt Winters Jureller
Southard & Stevens, LLP
570 Seventh Ave., 17th Floor
New York, New York 10018
Direct: (212) 679-5342
Tel: (212) 972-3000
Fax: (212) 972-2245
Cell: (917) 664-5507
Email: fstevens@klestadt.com


-----Original Message-----

From: Herman Segal [mailto:segalherman@gmail.com]
Sent: Thursday, September 17, 2015 3:50 PM
To: Fred Stevens
Subject: Privileged Emails

Dear Mr. Stevens,

I have gone through about half the emails that were released to you by Maragell.

While I hope to complete my review in the next day or so, in the interim, please be aware that all correspondence between Mr. Bronstein (and / or his firm) and myself; both sending and receiving; are protected as Attorney client privilege. You are therefore directed not to open those emails, and if you already did, not to make any use of them in any way, as they are privileged as attorney-client correspondence.

Herman Segal
Debtor Pro-se



570 S<small>EVENTH</small> A<small>VENUE</small>
17<small>TH</small> F<small>LOOR</small>
N<small>EW</small> Y<small>ORK</small>, NY 10018-1624
T<small>ELEPHONE</small> (212) 972-3000
T<small>ELEFAX</small> (212) 972-2245
WWW.KLESTADT.COM

## EXHIBIT B

## October 9, 2015 Email Dialogue

# Fred Stevens

| | |
|---|---|
| **From:** | Fred Stevens |
| **Sent:** | Friday, October 09, 2015 1:01 PM |
| **To:** | 'Herman Segal' |
| **Subject:** | RE: 13-45519 Herman Segal Debtor Chapter 7 Privileged emails & files |

Mr. Segal -

I do not know what your issue is other than you do not want the Trustee doing his job and do not want to be in bankruptcy.  We can do nothing about either of those things.  The Trustee will do his job and your bankruptcy case will continue until a Court says otherwise.  We have files from your computers and emails that we obtained lawfully and in strict compliance with the Court's imaging orders.  We will use those documents and that information in whatever manner we deem fit consistent with the Trustee's duties as set forth in section 704 of the Bankruptcy Code and the U.S. Trustee's Handbook for Chapter 7 Trustees.

As for October 15, that date was reserved for you so that you could file a motion.  You have not filed any motion.  You have not provided us with any notice of what documents that you intend to raise an issue about or why you believe such documents are privileged or otherwise being improperly used (except for the communications with Bronstein).  If you intend to go forward with something on October 15, you need to file a proper motion so the Court and Trustee know what the issue is and can prepare accordingly.

Thank you,

Fred Stevens
Klestadt Winters Jureller
Southard & Stevens, LLP
570 Seventh Ave., 17th Floor
New York, New York 10018
Direct: (212) 679-5342
Tel: (212) 972-3000
Fax: (212) 972-2245
Cell: (917) 664-5507
Email: fstevens@klestadt.com


-----Original Message-----
From: Herman Segal [mailto:segalherman@gmail.com]
Sent: Friday, October 09, 2015 12:38 PM
To: Fred Stevens
Subject: Re: 13-45519 Herman Segal Debtor Chapter 7 Privileged emails & files

Mr. Stevens,

Ignorance of the law is no excuse. As an attorney, even if you somehow believe that you're doing something that's is copacetic; if it negatively affects my rights, you are under an obligation to research the issue so that

you don't get it wrong. You cannot ride roughshod over my rights, causing irreparable damage along the way to me and others; and then say "oops, my bad" after the damage has already been done.

The law is relatively clear; you have been misinterpreting my 5th Amendment rights as well as my attorney client privileges, and your novel interpretations (e.g. that my Trustee [in an adversarial action] is the one who decides when I can exercise my Constitutional rights, or that I'm obligated to produce documents that may subject me to criminal prosecution, because the documents are just "sitting" on my computer and happen to match your search terms) are creative, but clearly disingenuous and mendacious.

Please accept my apology for writing to Ms. Howard; I was unaware of the proper protocol (I recall the letter you sent her regarding my encrypted computer and didn't realize that that was a situation where you felt there was insufficient time for a motion), and won't do it again. I trust you will await the October 15th hearing before causing further damage.

Herman Segal
Pro Se

Sent from my iPhone

> On Oct 9, 2015, at 10:32 AM, Fred Stevens <FStevens@Klestadt.com> wrote:
>
> Mr. Segal -
>
> Thank you for your email.  We have acted in strict compliance with the Court's Orders.  Since we do not believe that we have undertaken any activity that violates the Court's orders or your rights, we cannot and will not cease or desist anything.
>
> Please do not copy Ms. Howard or any other members of the Court's staff on communications sent to me.  While I encourage you to communicate with me as you deem appropriate, the Court should not be copied on correspondence between litigants.  If you want to raise these or other issues with the Court, please file a proper motion or request.
>
> Thank you,
>
> Fred Stevens
> Klestadt Winters Jureller
> Southard & Stevens, LLP
> 570 Seventh Ave., 17th Floor
> New York, New York 10018
> Direct: (212) 679-5342
> Tel: (212) 972-3000
> Fax: (212) 972-2245
> Cell: (917) 664-5507
> Email: fstevens@klestadt.com
>
>
> -----Original Message-----
> From: Herman Segal [mailto:segalherman@gmail.com]

\> Sent: Friday, October 09, 2015 9:08 AM
\> To: Fred Stevens
\> Cc: angela_howard@nyeb.uscourts.gov
\> Subject: Re: 13-45519 Herman Segal Debtor Chapter 7 Privileged emails & files
\>
\> Dear Mr. Stevens,
\>
\> Your continued use of my privileged emails and computer files, and your failure to return them to me & to destroy any copies you have, is a blatant violation of the Judge's order as well as a violation of my rights. Unless you immediately cease and desist I will have no choice but to pursue any actions I feel necessary to protect myself which includes asking the Judge for severe sanctions, referring your unethical behavior to the Bar Association, and any other actions that are necessary to prevent your egregious behavior.
\>
\> Please be forewarned and act accordingly.
\>
\> Herman Segal
\> Pro Se
\>
\> Sent from my iPhone