**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re                                            :
                                                 :    Chapter 7
HERMAN SEGAL,                                    :
                                                 :    Case No. 13-45519 (NHL)
                        Debtor.                  :
----------------------------------------------------------x

**SECOND STIPULATION AND ORDER EXTENDING TRUSTEE'S TIME TO ASSERT CLAIMS AND CAUSES OF ACTION AGAINST (I) CHAIM MILLER A/K/A HARRY MILLER, (II) SAM SPREI, (III) 11-45 RYERSON HOLDINGS, LLC AND (IV) 29 RYERSON STREET LLC**

This stipulation (the "Stipulation") is made and entered into by and between (A) Richard E. O'Connell (the "Trustee"), in his capacity as chapter 7 trustee of the estate of Herman Segal, the above-captioned debtor (the "Debtor"), and (B) each of Chaim Miller a/k/a Harry Miller, Sam Sprei, 11-45 Ryerson Holdings, LLC and 29 Ryerson Street LLC (collectively, the "Examinees") (together with the Trustee, the "Parties" or each a "Party"), as follows:

**RECITALS**

A.  On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

B.  On or around the Petition Date, Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate. On October 15, 2013, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

C.  The Trustee is investigating whether certain claims, including but not limited to claims and causes of action that exist under Chapter 5 of the Bankruptcy Code, under the common law of the State of New York, or under other relevant statutory law including under the New York

Debtor and Creditor Law (collectively, the "Potential Claims"), may exist against each of the Examinees.

D.    The deadline under section 546(a) of the Bankruptcy Code by which the Trustee must assert certain, but potentially not all, of the Potential Claims was September 10, 2015 (the "Initial Deadline").

E.    On September 4, 2015, the Parties agreed to extend the Initial Deadline to October 31, 2015 (the "Deadline").

F.    The Trustee and the Examinees are currently attempting to discuss the issues and allow the Trustee an opportunity to investigate the Potential Claims without the commencement of litigation, but will be unable to do so before the Deadline expires.  The Parties wish to voluntarily extend the Deadline to avoid, if possible, the commencement of litigation.

**AGREEMENT**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    Recitals Incorporated.  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.    Tolling.  The Deadline is hereby extended from October 31, 2015 to through and including December 31, 2015 (the "Second Tolling Period").

The document production deadline under the 2004 subpoena served on the Examinees is extended to November 20, 2015. The related depositions are adjourned sine die.

3.    Defenses Limitation.  Any and all applicable statutes of limitations, statutes of repose, the equitable doctrine of laches, and any other time-related defense or rule that is premised

upon delay in filing, notifying or in taking any action (collectively, "Limitations Defenses") to prosecute the Potential Claims, and any defense and/or counterclaims of the Debtor or Trustee specifically related to these time-related deadlines (collectively, the "Defenses"), shall be waived and tolled during the Tolling Period and the Tolling Period shall not be used in calculating any Limitations Defenses applicable to the Potential Claims and the Defenses.

4. Preservation of Rights. Except as specifically provided herein, the rights, obligations, positions, claims and defenses of the Parties hereto shall in no way be affected by this Stipulation and such rights, obligations, positions, claims and defenses are specifically reserved. The execution of this Stipulation, and/or anything contained herein shall not operate as an admission of liability or responsibility by the parties hereto and shall not be so construed, nor shall this Stipulation be used as evidence in any action or proceeding for any purpose other than the enforcement of the terms hereof. No independent claim or cause of action shall be created by this Stipulation; provided, however, that nothing contained in this Stipulation, including the foregoing provisions of this sentence, shall act in any way to limit or diminish the right of any Party to this Stipulation to seek to enforce this Stipulation.

5. Entire Agreement/No Oral Modification. The Parties represent that this Stipulation constitutes the entire agreement among them in this matter and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

6. Execution of Counterparts. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

7. <u>Bankruptcy Court Jurisdiction/Choice of Law</u>.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.  This Stipulation shall be governed by the laws of the State of New York.

8. <u>No Waiver.</u>  No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

9. <u>Severability.</u>  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10. <u>Representations of Authority.</u>  The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs.  The undersigned counsel represents that he has the full power and authority necessary to bind his respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

11. <u>Costs.</u>  Each party to this Stipulation shall bear its own attorneys' fees and costs.

| Dated: | White Plains, New York<br>October 16, 2015 | Dated: | New York, New York<br>October 16, 2015 |
|---|---|---|---|
| | **DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP** | | **KLESTADT & WINTERS JURELLER SOUTHARD & STEVENS, LLP** |
| By: | */s/Jonathan Pasternak*<br>Jonathan Pasternak | By: | */s/Christopher Reilly*<br>Fred Stevens |

4

| | |
|---|---|
| 1 North Lexington Avenue<br>White Plains, New York 10601<br>Tel: (914) 681-0200<br>Fax: (914) 684-0288<br>Email: jsp@ddw-law.com<br><br>*Counsel to Chaim Miller a/k/a Harry Miller, Sam Sprei, 11-45 Ryerson Holdings, LLC and 29 Ryerson Street LLC* | Christopher Reilly<br>570 Seventh Avenue, 17th Floor<br>New York, New York 10018<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br>Email: fstevens@klestadt.com<br><br>*Counsel to Richard E. O'Connell, Chapter 7 Trustee* |

**"SO ORDERED"**

**Dated: October 20, 2015**
**Brooklyn, New York**

*(signature: Nancy Hershey Lord)*

**Nancy Hershey Lord**
**United States Bankruptcy Judge**