UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE:

    Herman Segal,

                            Debtor
---------------------------------------------------------------x

Case No. 13-45519-nhl

Chapter 7

## ORDER GRANTING QUENTIN MANOR, LLC'S MOTION FOR AN ORDER CONFIRMING THE ABSENCE OF THE AUTOMATIC STAY

WHEREAS, on September 10, 2013 (the "Petition Date"), the Debtor commenced the instant bankruptcy proceeding with the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on January 31, 2015, this Court entered an order denying the Debtor a discharge; and

WHEREAS, on October 22, 2014, the Chapter 7 Trustee ("Trustee") filed a complaint commencing an adversary proceeding (Adv. Pro. No. 1-14-01140-nhl) seeking, among other things: (i) the turnover of the property located at 4115 Quentin Road, Brooklyn, New York ("Subject Property"); and (ii) the authority to sell the non-Debtor co-owner Yocheved Segal's ("Yocheved"), undivided interest in the Subject Property; and

WHEREAS, on April 3, 2018, an order was signed by this Court approving the sale of the Subject Property from the Trustee to Yocheved; and

WHEREAS, on September 26, 2019, Quentin Manor, LLC filed a motion (the "Motion") to confirm the absence of the automatic stay with respect to the Debtor's occupancy at the Subject Property, or in the alternative, relief from the automatic stay; and

WHEREAS, on October 10, 2019, this Court held an initial hearing on the Motion, at which appeared Btzalel Hirschhorn (Counsel to Quentin Manor, LLC) and Herman Segal (Debtor); and

WHEREAS, on or about November 5, 2019, this Court held a continued hearing on the Motion, at which appeared Btzalel Hirschhorn (Counsel to Quentin Manor LLC), Brian Marks (Interested Party), Herman Segal (Debtor), and Fred Stevens (Counsel to David J. Doyaga) (the "Adjourned Hearing"); and

WHEREAS, this Court heard arguments from the Debtor and from counsel for Quentin Manor, LLC; and

WHEREAS, counsel for the Chapter 7 Trustee appeared telephonically and informed the Court that the Trustee had no position on the Motion; and

NOW, THEREFORE, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, the automatic stay under 11 U.S.C. § 362 is not currently in effect; and it is further

**ORDERED,** that the automatic stay terminated as to the Debtor individually on January 31, 2015, by virtue of the order of this Court denying the Debtor a discharge; and it is further

**ORDERED**, that the automatic stay with respect to the Subject Property terminated on April 3, 2018 by virtue of the order of this Court approving the sale of the Subject Property from the Trustee to Yocheved; and it is further

**ORDERED**, that the Court approved sale of the Subject Property removed the Subject Property from the Debtor's bankruptcy estate; and it is further

**ORDERED**, that the Subject Property is no longer property of the Debtor's bankruptcy estate; and it is further

[*Order continues on following page*]

**ORDERED,** that Quentin Manor, LLC, is permitted to pursue all of their state law rights and remedies with respect to the Subject Property and the Debtor's occupancy thereof.



Dated: December 6, 2019
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge